[Civ. No. 19705.   Second Dist., Div. One.   June 29, 1953.]

JACK LEWIS et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; GEORGE C. KNAPP et al., Real Parties in Interest.

Richard A. Perkins for Petitioners.

Harold W. Kennedy, County Counsel, and Wm. E. Lamoreaux, Deputy County Counsel, for Respondent.

Milton S. Tyre for Real Parties in Interest.

SCOTT (Robert H.), J. pro tem.—Petitioners apply for a writ of mandate requiring respondent superior court to quash a subpoena duces tecum issued by it and to vacate the order enforcing the same.

An action was commenced by George C. Knapp, as business representative, and Waunita Long, as secretary of United Shoe Workers of America, Local 122, C.I.O., as plaintiffs. They appear in these proceedings as the real parties in interest. Among other defendants are petitioners Lewis and Levitan individually and as copartners trading as California Footwear Company. The complaint is described as one for injunction, declaratory relief, specific performance and damages.

On the same day that the complaint was filed, two affidavits for subpoena duces tecum and orders for issuance of the same were filed. As to each named defendant the essential averments of the affidavit were as follows:

"Affiant is informed and believes, and upon that ground alleges, that (naming defendant Lewis in one affidavit and defendant Levitan in the other) has in his custody and under his control the following named documents and objects:

"All written leases, all written partnership agreements and all other written contracts made by and between or on behalf of Jack Lewis and Joseph Levitan and California Footwear Co., or either of them, with Maurice Fellman, Ruth Fellman and Trina Shoe Company, or any of them; all financial books, records, accounts, receipts, ledgers and financial statements of Jack Lewis and Joseph Levitan and California Footwear Co., or any of them, and particularly including, but not limited to, accounts or ledgers showing all payments made by Jack Lewis and Joseph Levitan and California Footwear Co., or any of them, to Maurice Fellman, Ruth Fellman and Trina Shoe Company, or any of them, and/or any of their employees, and receipts by Jack Lewis and Joseph Levitan and California Footwear Co., or any of them, from Maurice Fellman, Ruth Fellman and Trina Shoe Company, or any of them, or any of their employees; all statements, invoices and other written documents setting forth the amounts and cost of any and all merchandise, inventory, raw materials, findings, leather, machinery, equipment, labels and packing cases purchased by Jack Lewis, Joseph Levitan and California Footwear Co., or any of them, for themselves or any of them, or for sale, rental or lease to, or purchase by, or use of Maurice Fellman, Ruth Fellman and Trina Shoe

Company, or any of them; all cancelled checks of Jack Lewis, Joseph Levitan and California Footwear Co., or any of them, showing payments to Maurice Fellman, Ruth Fellman and Trina Shoe Company, or any of them, and/or any of their employees; copies of all promissory notes or written evidence of indebtedness upon which Jack Lewis, Joseph Levitan and California Footwear Co., or any of them, appear as accommodation maker or makers, endorser or endorsers, surety or sureties, or guarantor or guarantors or comaker or comakers; all bank or other money lending institutions' letters of credit, or copies thereof, extending credit to Maurice Fellman, Ruth Fellman and Trina Shoe Company, or any of them, on account of Jack Lewis, Joseph Levitan and California Footwear Co., or any of them. All of the aforesaid documents and objects are for the period commencing December 1, 1952 through April 21, 1953.

"Said documents and objects above named are material to the disposition of this case in that an important issue in the case is the extent of formal and substantive relationships between Jack Lewis, Joseph Levitan and California Footwear Co., or any of them, and Maurice Fellman, Ruth Fellman and Trina Shoe Company, or any of them, as to control, financing, labor policy, purchasing of materials, marketing of products and in other respects; and these documents and objects will produce evidence material and relevant to these matters."

The subpoenas duces tecum were issued as ordered. Petitioner Lewis responded by appearing at the time and place set for taking of his deposition but declined to answer questions on the advice of counsel and declined to produce documents. He was directed by the notary to appear before respondent court. Upon his doing so the minutes of that court recite the following:

"NATURE OF PROCEEDINGS:

"Notary's certification re refusal to answer questions in deposition and to produce documents requested.

". . . . . . . . . . . . . . . . .

"Defendant's motion to quash summons and return of service.

"Defendant Lewis is ordered to answer the questions in question and to produce the documents requested of him. He is ordered to appear at 650 So. Grand on May 25, 1953 at 10 A. M. for the purpose of answering the questions. . . ."

Petitioners challenge the adequacy of the affidavits filed

in support of the applications for the issuance of subpoenas duces tecum on the ground that they are based on information and belief. They also declare that petitioners will be greatly damaged if the directive contained in the subpoena duces tecum is enforced. They state as follows:

"The books and records of petitioners, the production of which is desired, contain numerous trade secrets and other confidential matters such as names of customers and suppliers, prices, discounts, terms, financial resources, etc., the disclosure of which would tend to do petitioners great harm and cause them irreparable injury. Said labor organization has contractual relationships with several of petitioners' competitors with whom said labor organization is on friendly terms, whereas said labor organization has a dispute with petitioners. Petitioners are informed and believe and therefore allege that if said trade secrets and other confidential information are disclosed to said labor organization it will communicate them to petitioners' competitors, to petitioners' prejudice. Petitioners further allege on information and belief that the disclosure of said trade secrets and other confidential information to said labor organization would enable it to harass, vex, annoy, and coerce petitioners' customers in order to compel petitioners by means of secondary economic pressure to accede to the demands of said labor organization and to forego their legal defenses to the proceedings brought against them by said labor organization."

A reading of the affidavits shows that they are insufficient and that the trial court must be precluded from further proceedings based upon them.

"As a condition precedent to the issuance of a *subpoena duces tecum* before trial an affidavit must be presented to the trial court showing the facts set forth in section 1985 of the Code of Civil Procedure, which are prerequisite to the issuance of such an order. The allegations in such an affidavit are insufficient, if they are based solely upon the information and belief of the affiant and there are no facts alleged to indicate the basis of affiant's information and belief. (Citing cases.)" (*Smith-Golden, Inc.* v. *Superior Court,* 41 Cal.App.2d 512, 514 [107 P.2d 299].)

In *McClatchy Newspapers* v. *Superior Court,* 26 Cal. 2d 386, 396 [159 P.2d 944], the court discusses the right of a party to have an inspection of papers and documents in the hands of a party to the action or a third person such as

that provided for in section 1000, Code of Civil Procedure, and says:

"A party or witness has a constitutional right to be free from unreasonable searches and seizures, and it is therefore incumbent upon the one seeking an inspection to show clearly that he has a right thereto and that the constitutional guaranties will not be infringed. Hence, the affidavit in support of the demand for inspection must identify the desired books, papers and documents, and it must clearly show that they contain competent and admissible evidence which is material to the issues to be tried."

It then states that the principles discussed by it apply with equal force to an attempt by subpoena duces tecum to inspect papers and documents in the hands of the opposing party.

It is suggested that the relief sought by petitioners should be denied on the authority of *Lockheed Aircraft Corp.* v. *Superior Court,* 28 Cal.2d 481 [171 P.2d 21, 166 A.L.R. 701]. The petitioners in that case sought a writ of prohibition which the court held (at p. 487) "cannot be used to prevent the enforcement of a subpoena duces tecum on the ground that the affidavit is defective."

The case of *Union Trust Co.* v. *Superior Court,* 11 Cal.2d 449 [81 P.2d 150, 118 A.L.R. 259], is also relied upon in opposition to petitioners' prayer in this case. In that case an order had been made under section 1000, Code of Civil Procedure, and a writ of mandate was denied. However, the parties to that litigation stood in the relation of trustor and trustee, and the court said at page 460, "When such a situation appears, the ordinary strictness of the rule relating to the right of inspection is greatly relaxed. The courts have repeatedly declared that in such circumstances, almost 'as a matter of course' the trustor or the beneficiary has a right to a full and complete inspection of all books and records with relation to the trust."

The case of *Maclay Rancho Co.* v. *Superior Court,* 81 Cal. App. 471 [254 P. 287], cited by the real parties in interest in no way fortifies their resistance in this proceeding. It was a petition for a writ of mandate to compel the trial court to issue an order under section 1000, Code of Civil Procedure, to permit the inspection of certain documents, and it was held that the refusal of the trial court did not amount to an abuse of discretion.

Petitioners in this proceeding have not asked to be relieved of the effect of the trial court's order directing the

defendant "to answer the questions in question" and "to appear at 650 So. Grand (in some city not named but presumably the city of Los Angeles) on May 25, 1953 at 10 A. M. for the purpose of answering the questions." They ask a writ of mandate commanding the trial court to quash the subpoena duces tecum and vacate the order enforcing the same. To this relief they are entitled under the above authorities.

Petitioners question the jurisdiction of the trial court, as a state court, to proceed in the case, which is brought under the state law. Specific reference is made to section 923, Labor Code. The claim is made that certain proceedings are now pending before the National Labor Relations Board involving these same parties and petitioners are engaged in interstate commerce and that federal statutes control them in the controversy. We deem it unnecessary to analyze and evaluate the pleadings and the issues raised by them to decide this question of jurisdiction. Amended pleadings and new issues may be present when this dispute is eventually considered if it is later raised. Petitioners herein have not asked that the respondent superior court be restrained from exercising any power but have asked that it be ordered to do the specific judicial acts above noted. Since petitioners are entitled, on the record before us, to a favorable ruling on the precise matter which they ask us to now decide, we shall assume without deciding that respondent court has jurisdiction to make the order in compliance with the writ of mandate in this case.

It is ordered that the peremptory writ of mandate issue as prayed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied July 23, 1953, and real parties' in interest petition for a hearing by the Supreme Court was denied August 27, 1953.