[Civ. No. 19848. Second Dist., Div. One. Oct. 6, 1953.]

PELTON MOTORS, INC. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Glenn S. Roberts for Petitioner.

Harold W. Kennedy, County Counsel, and Wm. E. Lamoreaux, Deputy County Counsel, for Respondents.

SCOTT (Robert H.), J. pro tem.—Petitioner seeks a writ of mandate requiring respondent court to quash a subpoena duces tecum issued by it in case 611606 entitled *Gene Tyler*, plaintiff, v. *Pelton Motors, Inc. et al.*, defendants. The real party in interest in this proceeding is Gene Tyler, the said plaintiff. He has not filed any opposition to the endeavor of petitioner to have the subpoena duces tecum quashed.

Plaintiff in that case, Gene Tyler, has brought an action against defendant, Pelton Motors, Inc., setting out in his second amended complaint two common counts for alleged salesman's commissions earned and unpaid, the first count being for money had and received and the second count being on an open book account. These claims in the complaint were denied and an affirmative defense set up by defendant in its answers.

Attorney for plaintiff Tyler filed an affidavit asking for the issuance of a subpoena duces tecum and setting out that he desired to inspect: "Pelton Motors, Inc. sales journal and sales ledger covering the period 1946 and 1953, inclusive, ledger containing accounts between Pelton Motors, Inc. and Gene Tyler, covering the period 1946 and 1953, inclusive, *and all contracts between Pelton Motors, Inc., and its Sales Department employees which were entered into between 1946 and 1953, inclusive.*" (Emphasis added.)

His reason for the request is stated to be:

"That said books, records and documents are material to the issues of fact in this case in that they will show or tend to show the basis on which the amounts, due to plaintiff for work, labor and services for the defendants, were computed; the reasonable value of said work, labor and services; the specific date on which the obligation sued upon herein was entered into; the dates of performance of the said work, labor and services; the transactions by virtue of which defendants became indebted to plaintiff; the fact that no part of the amount claimed by plaintiff has been paid; and the validity and significance of the agreements and contracts referred to in the First Affirmative Defense contained in Defendant's Answer to Second Amended Complaint."

The first affirmative defense recited plaintiff's original employment agreement and set out that there had been an accord and satisfaction agreement entered into on March 28, 1949, and that there had been a new employment agreement starting April 1, 1949, and ending when plaintiff terminated his employment, and was paid in full by defendant.

The subpoena duces tecum was issued directing William A. Wegge, Jr., president of Pelton Motors, Inc., to appear and testify as a witness and to bring with him the corporation's sales journal and sales ledger 1946 to 1953, inclusive, containing accounts between the plaintiff and the corporation "and all contracts between Pelton Motors, Inc., and its Sales Department employees" 1946 to 1953, inclusive.

Motion to quash said subpoena duces tecum was denied by respondent court.

In its verified petition seeking a writ of mandate addressed to this court Pelton Motors, Inc., sets out the following:

"XI

"That petitioner is now, and for the past 32 years has been engaged in business in Los Angeles County as a retail dealer

and distributor of passenger automobile and trucks. That during the period of 1946 and 1953, which period plaintiff seeks to inspect all sales ledger, sales journals and all contracts with sales employees, the petitioner engaged in business as a wholesale and retail distributor of passenger cars, trucks, parts and accessories and covering a large area of Los Angeles County and supplying passenger cars and trucks to numerous retail dealerships. Also petitioner operated as a wholesale distributor of automobile parts, selling to dealers, garages, and the trade generally in Southern California. That during said period petitioner operated a separate branch dealership for the sale and service of commercial vehicles and parts in the commercial area of Los Angeles on Seventh Street, and a separate retail branch dealership in the Hollywood area, conducted as a separate dealership, together with the main store on Figueroa Street, Los Angeles, where new passenger cars, trucks, parts and service operation store conducted as separate departments. The used car operations is operated as a separate establishment and at a separate location; and a separate establishment at a separate location handles paint, body and upholstering activities; that the various departments have separate sales organizations and each such selling organization is, generally speaking under the supervision of a separate executive employee. That during the period from 1946 to 1953, covered by said Subpoena Duces Tecum, petitioner has employed more than 300 employees at one time and has produced gross sales in excess of seventeen million dollars for one year. That the records of such sales which petitioner has been ordered to produce for the inspection of plaintiff are voluminous and the greater part of such records have been placed in dead storage and some of such records may have been destroyed or otherwise disposed of. That during the said period aforesaid petitioner has had innumerable contracts covered by the Subpoena under the designation 'all contracts between Pelton Motors, Inc., and its sales department employees which were entered into between 1946 and 1953, inclusive,' and including contracts with its president, general manager, sales managers of the various departments down to the several hundred sales employees engaged by petitioner during such period. It is obvious that the expense to the petitioner of producing the books, records and contracts ordered by the Subpoena Duces Tecum would be great, and it is equally obvious that the Subpoena is too general and broad in its terms.

"XII

"The plaintiff was employed by petitioner beginning April 1, 1946 and plaintiff's services with petitioner terminated on March 14, 1953. That during such entire period, plaintiff acted as a salesman in the new passenger car department only. That the Subpoena Duces Tecum herein orders petitioner to produce books, records and contracts for the period in 1946 prior to plaintiff's employment by petitioner, as well as the period in 1953 after plaintiff left petitioner's employment.

"XIII

"That the said plaintiff at the time of filing the aforesaid action and at the present time is employed by an automobile dealership, a business competitor of petitioner, and said plaintiff is now in active business competition with petitioner."

■ The subpoena duces tecum under consideration in this proceeding is too broad in its scope and is obviously unfair to petitioners. No reason appears why the rights of Gene Tyler, plaintiff in the case now pending in the trial court, cannot be fully protected if the subpoena duces tecum heretofore issued is quashed. Such a subpoena limited to the production of records of his former employer which cover the dealings between them would be adequate to produce any material evidence which would be admissible at the trial.

The principles covering the issuance of subpoenas duces tecum under section 1985, Code of Civil Procedure, as well as proceedings under section 1000, Code of Civil Procedure, are discussed in September, 1953 issue of Los Angeles Bar Bulletin, volume 28, No. 12.

■ "A party or witness has a constitutional right to be free from unreasonable searches and seizures, and it is therefore incumbent upon the one seeking an inspection to show clearly that he has a right thereto and that the constitutional guaranties will not be infringed. Hence, the affidavit in support of the demand for inspection must identify the desired books, papers and documents and it must clearly show that they contain competent and admissible evidence which is material to the issues to be tried." (*McClatchy Newspapers* v. *Superior Court,* 26 Cal.2d 386, 396 [159 P.2d 944].)

■ The approved method of testing the relevancy and materiality of documents required by a subpoena duces tecum is to move to quash, vacate or modify it. A witness upon whom has been served a subpoena duces tecum has a right to

question the validity of the writ and the duty to produce the papers called for, and where a subpoena has been improperly issued to enforce the production of documents which the witness is not bound to produce, and his rights are invaded by it, he may properly apply to the court, whose duty it would be to enforce the writ, to vacate it or set it aside. (*Southern Pac. Co.* v. *Superior Court,* 15 Cal.2d 206, 209 [100 P.2d 302, 130 A.L.R. 323].) This was the procedure followed in this case by the petitioner herein, but its application to the trial court for relief was denied, making it necessary for it to apply to this court.

█ "In determining the question of materiality of the records sought to be inspected, the trial court was not limited to a consideration of the affidavit, but also was entitled to consider the contents of the pleadings filed in the case which showed, or might show, the materiality of the evidence sought to be obtained. (*Maclay Rancho Co.* v. *Superior Court,* 81 Cal. App. 471 [254 P. 287].)" (*Union Trust Co.* v. *Superior Court,* 11 Cal.2d 449, 455 [81 P.2d 150, 118 A.L.R. 259].)

We have examined the original file which was before the trial court including a "Bill of Particulars" filed by plaintiff. We have considered other cases in which comparable situations have required attention by an appellate tribunal, including the recent cases of *Los Angeles Transit Lines* v. *Superior Court,* 119 Cal.App.2d 465 [259 P.2d 1004], and *Lewis* v. *Superior Court,* 118 Cal.App.2d 770 [258 P.2d 1084]. We have concluded that under the legal principles set out in these cases, and considering the entire record in the case now before us, petitioner has made a showing which entitles it to a writ of mandate issued by this court.

It is ordered that the peremptory writ of mandate issue as prayed.

White, P. J., and Doran, J., concurred.