[Civ. No. 44830. First Dist., Div. Two. Dec. 20, 1978.]

JOSEPHINE HUELTER, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
GARY HUELTER, Real Party in Interest.

**COUNSEL**

Stuart L. Sandelman and Raymond L. Sandelman for Petitioner.

No appearance for Respondent.

Flaherty & Bennett and William E. Bennett for Real Party in Interest.

**OPINION**

**TAYLOR, P. J.**—In this dissolution action, petitioner (hereafter wife) seeks a writ of mandate to compel respondent court to set aside its order

granting the motion of real party in interest (hereafter husband) for an order directing the production of all medical records in the possession of all physicians who had treated wife during the course of a 13-year marriage, including records "from any source requested used or relied upon by said physicians in their course of treating the Petitioner." Although the order also provided that husband may not directly subpena records in the possession of wife's psychiatrist, Dr. Kraus, wife contends that the order violates her psychotherapist-patient privilege, in that the order permits husband to obtain the records of her psychiatrist, Dr. Kraus, which are in the possession of her internist, Dr. Hersch. We have concluded that the order does violate wife's privilege; consequently, she is entitled to relief by prerogative writ (*Roberts* v. *Superior Court* (1973) 9 Cal.3d 330, 336 [107 Cal.Rptr. 309, 508 P.2d 309]).

Husband contended that wife, by disclosing certain ailments through a physician's report which allegedly prevent her from seeking and obtaining gainful employment, had opened the door to the entire issue of her physical and mental fitness. Wife argued that although she had tendered the issue of her *physical* condition as being relevant for the determination of appropriate spousal support, she had not tendered the issue of her *mental* condition. Wife did not object to the disclosure of the medical records of Dr. MacKinnon, her neurologist, or of Dr. Hersch, her internist, but asserted that the records of her psychiatrist, in the possession of Dr. Hersch, remained privileged communications which did not involve her physiological condition or relate to her capacity to be employed.

In her declaration in support of a motion for a protective order, wife averred that during the period of the marriage, she had suffered herniation of intervertebral discs which were removed on June 21, 1976. She attached a copy of her treating physician's report which she noted "does not infer nor does Petitioner contend that she has any disability to work based upon psychiatric grounds but solely on physiological grounds." Wife averred that she did not object to discovery related to her physiological condition, but contended that her psychiatric condition was unrelated and was protected by the psychotherapist-patient privilege.

Dr. MacKinnon's report dated April 5, 1978, disclosed that wife had back trouble beginning as early as age 14, which had within the 10 years prior to his examination become more severe. Surgery was carried out on June 21, 1976, to remove herniated discs at the L3 and L4 levels. Surgery resulted in only moderate improvement. A brace did not help. The doctor

concluded his report as follows: "Examination reveals still some restricted straight leg raising, tenderness over the lower lumbar spine and some weakness of the right foot and great toe. The patient continues to have as indicated above disabling pain. She is going to school three nights a week at this time, I do not think that she can accept a position which requires prolonged sitting, standing, much car driving, repeated bending or lifting. *Therefore, I do not at this time feel that she is capable of returning to work"* (italics added).

Wife, in contending that her psychotherapist-patient privilege has been violated, places her principal reliance upon *Roberts* v. *Superior Court, supra,* 9 Cal.3d 330, and *In re Lifschutz* (1970) 2 Cal.3d 415 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1]. Roberts reaffirmed the *Lifschutz* holding, at page 337, that "because of the potential encroachment upon the constitutionally protected rights of privacy by the compelled disclosure of confidential communications between the patient and his psychotherapist (cf. *Griswold* v. *Connecticut,* 381 U.S. 479 . . .), trial courts should carefully control compelled disclosures in this area. Thus, the psychotherapist-patient privilege is to be liberally construed in favor of the patient."

In the most recent case construing the privilege, *Britt* v. *Superior Court* (1978) 20 Cal.3d 844 [143 Cal.Rptr. 695, 574 P.2d 766], the defendant argued, as husband does here, that it was entitled to the broad discovery requested in order to determine for itself whether the injuries asserted by plaintiffs actually arose from other medical conditions (p. 862). The court reaffirmed *Lifschutz* and *Roberts* as follows at pages 863-864: ". . . we held in *Lifschutz* that 'the "automatic" waiver of privilege contemplated by [the patient-litigant exception] must be construed not as a complete waiver of the privilege but only as a limited waiver concomitant with the purposes of the exception. Under Evidence Code section 1016 disclosure can be compelled only with respect to *those mental conditions* the patient-litigant has "disclose[d] . . . by bringing an action in which *they* are in issue" [citation]; communications which are not directly relevant to those specific conditions do not fall within the terms of section 1016's exception and therefore remain privileged. Disclosure cannot be compelled with respect to other aspects of the patient-litigant's personality even though they may, in some sense, be "relevant" to the substantive issues of litigation. The patient thus is not obligated to sacrifice all privacy to seek redress for a specific mental or emotional injury; *the scope of the inquiry permitted depends upon the nature of the injuries which the patient-litigant himself has brought before the court.'* (Final italics added; remaining

italics in original.) (2 Cal.3d at p. 435.) In *Roberts* v. *Superior Court* (1973) 9 Cal.3d 330, 337-339 . . . , our court explicitly reaffirmed *Lifschutz's* narrow interpretation of the scope of the patient-litigant exception."

The mere exchange of records between Dr. Kraus and Dr. Hersch did not constitute a waiver of the psychotherapist-patient privilege. This is clear from *Roberts, supra,* at page 341, as follows: "The mere exchange of petitioner's records between Dr. Ely and the other physicians treating her did not constitute a waiver of the psychotherapist-patient privilege. Evidence Code section 912, subdivision (d), provides: 'A disclosure in confidence of a communication that is protected by a privilege provided by Section . . . 994 (physician-patient privilege), or 1014 (psychotherapist-patient privilege), when such disclosure is reasonably necessary for the accomplishment of the purpose for which the . . . physician, or psychotherapist was consulted, is not a waiver of the privilege.' Defendants refer to all of these doctors as petitioners' 'treating physicians' and make no claim that the doctors obtained Dr. Ely's reports in anything other than the normal course of their medical treatment of petitioner. Thus, Dr. Ely's records remained confidential communications while in the hands of Drs. Morgans, Bernadett and Clark."

Here, as in *Roberts*, there is no showing that Dr. Hersch obtained Dr. Kraus' records in anything other than the normal course of his medical treatment of wife. Thus, Dr. Kraus' records, in the hands of Dr. Hersch, remained confidential communications.

Because only the patient, and not the party seeking discovery, knows the nature of the ailments for which recovery is sought, *Lifschutz, supra,* 2 Cal.3d at page 436, held that "the burden rests upon the patient initially to submit some showing that a given confidential communication is not directly related to the issue he has tendered to the court." Wife denied any disability based on psychiatric grounds and contended that her inability to work was due solely to her physical condition. Wife submitted the report of Dr. MacKinnon, a neurologist, as being relevant to her physical condition. That report indicates that wife is unable to work because of a disc condition which did not respond to surgery. Because of that condition, she is unable to accept a position which requires "prolonged sitting, standing, much car driving, repeated bending or lifting." Dr. MacKinnon's report makes no mention of any mental component.

Husband, on the other hand, has failed to make any showing, beyond mere speculation, that there may be a connection between wife's psychiatric treatment and her ability to seek or obtain employment. Husband's *belief* that a portion of his wife's problems are psychosomatic and not attributable to a physical malady and his assertion that the records sought *might* contradict the opinion of Dr. MacKinnon is speculative at best. Husband's statement that Dr. Hersch relied upon the records of Dr. Kraus in treating wife is completely without factual support in the record. Mere speculation, such as shown here, does not justify the discovery of privileged matter. *Roberts, supra,* 9 Cal.3d 339, recognized that any physical injury is likely to have a "mental component" but held: "A fortiori, in a case such as this where there is no specific mental condition of the patient at issue, and discovery of the privileged communications is sought merely upon speculation that there may be a 'connection' between the patient's past psychiatric treatment and some 'mental component' of his present injury, those communications should remain protected by the privilege of section 1014, *supra.*"

We conclude that the order of respondent court permits husband to obtain indirectly that which he is not entitled to obtain directly. Let a peremptory writ of mandate issue.

Rouse, J., concurred.

**KANE, J.**—I dissent. This case presents yet another example of the fallout from bad law. In my opinion *In re Lifschutz* (1970) 2 Cal.3d 415 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1], *Roberts v. Superior Court* (1973) 9 Cal.3d 330 [107 Cal.Rptr. 309, 508 P.2d 309], and *Britt v. Superior Court* (1978) 20 Cal.3d 844 [143 Cal.Rptr. 695, 574 P.2d 766] are, separately and collectively, inimical to the fair administration of justice. Those decisions provide judicial suppression of legitimate truth-searching efforts by an adversary litigant. Each of those cases is contrary to the clearly declared statutory policy of liberal discovery in California and inconsistent with the court's own original expression in *Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355 [15 Cal.Rptr. 90, 364 P.2d 266] (see *Hallendorf v. Superior Court* (1978) 85 Cal.App.3d 553, 557 et seq. [149 Cal.Rptr. 564], dis. opn.). I would deny the petition.

The petition of the real party in interest for a hearing by the Supreme Court was denied February 14, 1979.