[No. D003011. Fourth Dist., Div. One. July 16, 1985.]

UNITED FARM WORKERS OF AMERICA, AFL-CIO, Petitioner, v.
THE SUPERIOR COURT OF IMPERIAL COUNTY, Respondent;
MAGGIO, INC., Real Party in Interest.

COUNSEL

Diana Lyons, Ellen J. Eggers, Daniel A. Garcia, Ira L. Gottlieb, and Wendy Sones for Petitioner.

No appearance for Respondent.

Gray, Cary, Ames & Frye, Jay W. Jeffcoat, John Allcock, Dressler, Quesenberry, Laws & Barsamian, Ronald H. Barsamian and Larry Dawson for Real Party in Interest.

OPINION

BUTLER, J.—This petition is brought midtrial after the trial court denied a motion to quash a subpena duces tecum served on Cesar Chavez demanding that he appear and bring with him numerous records. The United Farm Workers of America, AFL-CIO (Union) sought to quash the subpena insofar as it sought records which revealed (1) the names of the Union's members, (2) the names of Union strikers in the Imperial Valley in 1979 and 1980, (3) the names of Union picketers in the Imperial Valley in 1979 and 1980, and (4) the names of all persons who attended the 1979 Union convention in Salinas, California in August 1979. The superior court ruled the Union is a private association, the records are relevant to the issue being litigated and thus there is a compelling state purpose in their disclosure (*Britt* v. *Superior Court* (1978) 20 Cal.3d 844 [143 Cal.Rptr. 695, 574 P.2d 766]). All the requested materials were to be disclosed except for the general membership list which was to be produced *in camera* and made available by and through the court to Maggio to verify the membership status of particular

individuals. A petition for writ of mandate followed. This court initially denied the petition with a dissent. The Supreme Court then ordered this court to issue the alternative writ. The court has now received further briefing and heard oral argument and issues the requested peremptory writ of mandate.

The suit here concerns the 1978-1979 strike in the Imperial Valley which sharply divided the community and resulted in flared tempers and much violence. Many farmworkers were arrested. Growers purportedly lost millions of dollars when their fields were shut down by striking employees. Maggio filed this suit against the Union seeking damages for its lost harvest profits, cost of replacement workers and security costs. Maggio alleges the unlawful activity of persons involved in the strike was encouraged, participated in or ratified by the Union.

I

Under *Britt* v. *Superior Court, supra,* 20 Cal.3d 844, the First Amendment right of freedom of association is not absolute. Associational affiliations and activities may be inquired into to further a compelling state interest. While *Britt* noted there is a compelling state interest in truth in litigation, it also noted that this does not make the inquiry exempt from First Amendment principles. Only when the disclosure is directly related to the party's claim such that disclosure is essential to a fair resolution of the case may it be compelled. However, when permitted, such discovery orders must be drawn with narrow specificity so the right to associate is not unduly curtailed. Here it appears the court granted discovery merely on the basis the material was relevant finding in conclusory fashion that "it goes to the heart of the case." We disagree on the present showing that the material is so relevant, that it should be revealed without restriction. Arguably, certain information as to certain individuals may be relevant and we rely on the trial court to make these determinations on a case-by-case basis *in camera.* There are four categories of documents in question and we examine each in turn.

II

The general membership lists show the name and social security number of each member. Maggio contends it seeks this information to prove that persons arrested for unlawful conduct were in fact Union members. In that all Maggio workers are Union members, this information is particularly important where non-Maggio employees are involved in unlawful conduct. The Union protests that because there are many Union members with the

same name, it is impossible to verify Union membership without a social security number. This limits the relevancy of this list considerably. In light of its limited potential relevancy and utility, the court properly ordered that this list be produced to the court for review *in camera* if it is later necessary to determine whether a particular person who engaged in violent conduct was a Union member.

## III

The second category of names sought by Maggio is that of the strikers. In oral argument, this was clarified to refer to strike coordinator attendance lists. These lists purportedly include the names of strike coordinators, the persons in charge of the picket captains, who met each day with the Union staff. The Union says there are no such lists; thus, their production cannot be compelled. As for the lists of strikers and related documents such as ledgers, cancelled checks, expense vouchers and receipts showing who received strike benefits, these items have no relevance unless Maggio can first identify the person committing a violent act and show he was a Union member. Thus, these lists, if desired by Maggio, should be provided to the court so the court can review them if it later becomes necessary to determine if a particular person who engaged in violent conduct was a striker.

## IV

The third category of lists sought by Maggio is records of picketers. Maggio claims need for this information to compare picketing attendance lists with arrest records and other documents thereby establishing that individuals engaged in violent and unlawful acts were Union members. However, the records do not contain any information on where the picketers were located or the kinds of activities in which they were engaged. Absent a way to connect these lists to arrest records, they are irrelevant. Maggio then suggests these lists might be used for impeachment. Assuming their relevance, at least as to the possible use for impeachment, wholesale revelation of the material is not necessary. As with the other categories of material, picketing lists should be provided to the court who can then reveal information as to particular individuals should it be relevant.

## V

The fourth category of information concerns the names of those persons who attended a Union convention. Maggio suggests the Union may have ratified the unlawful acts which occurred from January through March

1979 at that convention. However, the Union has already provided Maggio with a transcription of the conference proceedings. Maggio has not demonstrated nor can we discern how the names of all persons attending that convention might be relevant. Discovery of this information should be denied.

Let a peremptory writ of mandate issue directing the superior court to modify its present order to grant the motion to quash as to the names of members attending the 1979 Union convention and to grant a protective order as to the membership, strikes and picketing lists and related materials which should be provided to the court for *in camera* review if needed.

Wiener, Acting P. J., concurred.

**LEWIS, J.,** Dissenting.—I would deny the writ.