[No. A050282. First Dist., Div. Three. Nov. 21, 1990.]

BURTON HEDA, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
GLADYS DAVIS, Real Party in Interest.

**COUNSEL**

Sturgeon, Keller & Phillips, William B. Sturgeon and Brock D. Phillips for Petitioner.

No appearance for Respondent.

David J. Millstein, J. M. Bielan and Kim A. D'Innocente for Real Party in Interest.

## OPINION

STRANKMAN, J.—Petitioner, a defendant in a medical malpractice action (hereafter defendant), challenges an order requiring him to answer interrogatories about his doctors' diagnoses and to furnish his health records to real party (the plaintiff below; hereafter plaintiff). Plaintiff needs the records to support a motion for trial preference based upon defendant's ill health. (Code Civ. Proc., § 36, subd. (d).) We conclude that this need does not outweigh defendant's interest in privacy.

Article I, section 1 of the California Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." The zone of privacy created by this provision extends to the details of a patient's medical history. (See *Cutter* v. *Brownbridge* (1986) 183 Cal.App.3d 836, 842 [228 Cal.Rptr. 545]; *Wood* v. *Superior Court* (1985) 166 Cal.App.3d 1138, 1147 [212 Cal.Rptr. 811]; *Jones* v. *Superior Court* (1981) 119 Cal.App.3d 534, 548-550 [174 Cal.Rptr. 148]; *Board of Medical Quality Assurance* v. *Gherardini* (1979) 93 Cal.App.3d 669, 678-679 [156 Cal.Rptr. 55].) And this privacy right protects against invasions by private citizens as well as by the state. (*Chico Feminist Women's Health Center* v. *Scully* (1989) 208 Cal.App.3d 230, 242 [256 Cal.Rptr. 194], and cases there cited.) The right is not absolute, however, and may be outweighed by the legitimate interests of another party to a lawsuit. (See *Jones* v. *Superior Court, supra,* 119 Cal.App.3d at p. 550.)

Plaintiff contends that her interests in moving for trial preference outweigh defendant's interest in the privacy of his medical records. Defendant challenges her right to discovery, in part by contesting her right to move for trial preference based upon defendant's health. He contends that Code of Civil Procedure section 36, subdivision (d), only authorizes preference based upon the *moving party's* ill health. We disagree.

Code of Civil Procedure section 36, subdivision (d), provides: "In its discretion, the court may also grant a motion for preference served with the memorandum to set or the at-issue memorandum and accompanied by clear

and convincing medical documentation which concludes that one of the parties suffers from an illness or condition raising substantial medical doubt of survival of that party beyond six months, and which satisfies the court that the interests of justice will be served by granting such preference."

If this subdivision stood alone, defendant's interpretation would be doubtful at best; the phrase, "one of the parties suffers from an illness," is a broad statement, not a restrictive one. But when read in conjunction with subdivision (a), defendant's interpretation of subdivision (d) is untenable. Subdivision (a) provides that a civil case shall have preference "upon the motion of any party to the action who has reached the age of 70 years unless the court finds that the party does not have a substantial interest in the case as a whole." The Legislature showed in subdivision (a) that it knew how to restrict preference to a showing of the *moving party's* condition. Subdivision (d) is not restricted to a showing of the moving party's ill health.

■ Although we conclude that plaintiff may move for preference based upon defendant's health, it does not necessarily follow that plaintiff may obtain defendant's medical records to support such a motion. Relevancy alone does not justify obtaining private records of a party to litigation. Defendant's privacy interests must be weighed against plaintiff's interest in obtaining trial preference. (Cf. *Wilkinson* v. *Times Mirror Corp.* (1989) 215 Cal.App.3d 1034, 1046 [264 Cal.Rptr. 194].)[1]

Plaintiff asserts that she has a strong need for defendant's presence at trial, as a witness to conversations with plaintiff's deceased husband, for the trier of fact to assess credibility, and for full cross-examination on technical medical issues. She contends that she cannot obtain trial preference without clear and convincing medical documentation of defendant's terminal illness, and that this evidence must come from defendant's medical file.

We agree that in order to win her trial preference motion, plaintiff may need the documentation she seeks. But we conclude that plaintiff's desire for trial preference does not outweigh defendant's constitutional right to privacy for medical records. Defendant's presence at trial, while desirable, is not essential. Much of what plaintiff seeks by her preference motion, she may obtain by deposing defendant. Under proper conditions, she may

---

[1] We deliberately bypass the narrower physician-patient privilege (Evid. Code, § 994) argument in favor of the constitutional argument. Although the physician-patient privilege appears to apply, we prefer not to construe Evidence Code section 999's exception to it: "There is no privilege under this article as to a communication relevant to an issue concerning the condition of the patient in a proceeding to recover damages on account of the conduct of the patient if good cause for disclosure of the communication is shown." Because the Constitution protects this information, we need not decide whether the physician-patient privilege does too.

video-tape the deposition and may introduce the videotape at trial if defendant is not available. (See Code Civ. Proc., § 2025.) If defendant does not survive, she may substitute his estate as defendant in the action. (See Code Civ. Proc., § 385.)

"A person's medical profile is an area of privacy infinitely more intimate, more personal in quality and nature than many areas already judicially recognized and protected. . . ." (*Board of Medical Quality Assurance* v. *Gherardini, supra*, 93 Cal.App.3d at p. 678.) "The information that may be recorded in a doctor's files is broadranging. The chronology of ailments and treatment is potentially sensitive. Patients may disclose highly personal details of lifestyle and information concerning sources of stress and anxiety. These are matters of great sensitivity going to the core of the concerns for the privacy of information about an individual." (*Wood* v. *Superior Court, supra*, 166 Cal.App.3d at p. 1147.) These sensitive matters need not be disclosed to assist a plaintiff in securing trial preference.

■ Plaintiff contends, however, that defendant has waived any privacy rights by objecting to interrogatories only on relevancy grounds and by disclosing his medical condition to plaintiff. We find no waiver.

Plaintiff's first set of interrogatories, propounded with no introduction or explanation, asked defendant to state what physical ailments he suffered which are life-impairing or potentially life-threatening, and asked defendant to state the latest prognosis from his doctors. Code of Civil Procedure section 36, subdivision (d), was not mentioned. Defendant objected on the ground of relevance, an obvious objection under the circumstances. Plaintiff now claims that failure also to object on privacy grounds forever waives defendant's privacy rights. Plaintiff cites no persuasive authority for such a draconian rule. We reject plaintiff's contention.

Plaintiff also says defendant waived his privacy rights by using his health to change the location of the deposition and by admitting in deposition testimony that he suffers from heart problems. In the proceedings below, plaintiff presented evidence that defendant sought to be deposed in his home in Berkeley because his health was too poor for him to travel to San Francisco. During the deposition defendant appeared to be short of breath, perspired profusely, appeared fatigued, and appeared to have difficulty concentrating. The parties interrupted the deposition more than once out of concern for defendant's health. During the deposition, defendant admitted to a couple of heart attacks and said that in 1980 he had bypass surgery.

Defendant admitted to being in poor health. But we conclude that he did not thereby waive privacy rights to his medical records.

Privacy rights are subject to waiver in much the same way as are privileges (see *Britt* v. *Superior Court* (1978) 20 Cal.3d 844, 858 [143 Cal.Rptr. 695, 574 P.2d 766]), but waivers of constitutional rights are not lightly found. Evidence Code section 912, which governs waiver of "privilege," is instructive about waiver of privacy for medical records. It provides for waiver "with respect to a communication protected by . . . privilege if any holder of the privilege, without coercion, has disclosed a significant part of the communication or has consented to such disclosure made by anyone." Applying this concept of waiver by disclosure, we conclude that no waiver took place here. Defendant disclosed only the fact of heart attacks and bypass surgery, not the content of communications with his doctors or medical reports. He did not disclose a "significant part" of any communication, much less a significant part of his medical file.

The court erred in ordering answers to plaintiff's interrogatories and disclosure of defendant's medical records. We issue a peremptory writ of mandate in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the Alameda County Superior Court to vacate its order compelling discovery.

Merrill, Acting P. J., and Chin, J., concurred.