[S. F. No. 23313. In Bank. Dec. 9, 1975.]

VALLEY BANK OF NEVADA, Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN
COUNTY, Respondent;
JOSEPH A. BARKETT et al., Real Parties in Interest.

**COUNSEL**

Watson & Hoffe and William F. Whiting for Petitioner.

No appearance for Respondent.

Freeman, Rishwain & Hall, Maxwell M. Freeman and Gerald R. Newman for Real Parties in Interest.

**OPINION**

**RICHARDSON, J.**—In this case we consider under what circumstances a litigant may, through ordinary civil discovery procedures, obtain from a bank information disclosed to it in confidence by a customer. We have concluded that although such information is discoverable in a proper case, nevertheless the bank must first take reasonable steps to locate the customer, inform him of the discovery proceedings, and provide him a reasonable opportunity to interpose objections and seek appropriate protective orders.

Petitioner (Bank) sued real parties to recover the balance assertedly due on a promissory note executed and delivered by them to Bank to assist them in the purchase of the King's Castle Casino at Lake Tahoe. Although Bank loaned real parties $250,000 for this purpose, the remaining financing was unavailable and the purchase was never completed. Real parties defaulted on the note, and the present suit followed.

Real parties' primary defense to the suit is that Bank misrepresented the availability of additional financing "in order to induce defendants [real parties] to borrow $250,000 to give to the seller, Nathan Jacobsen, who would use the money to keep King's Castle open," thereby protecting the investment in King's Castle of other specified Bank customers, including the Teamsters Union.

In order to prove these allegations, real parties noticed the deposition of Bank's chairman, Mr. Thomas, asking him to bring with him bank records pertaining to loan transactions between Bank and seven named persons and corporations (including Jacobsen and King's Castle), "together with any and all records of any banking relationships with the Teamsters Union and/or any casino owned, operated or mortgaged to the Teamsters Union."

Bank, objecting to the disclosure of allegedly confidential information received from its customers, sought a protective order pursuant to section 2019, subdivision (b)(1), of the Code of Civil Procedure. In support of its motion, Bank submitted the affidavit of its president, Mr. Sullivan, which stated, among other things, that Bank "insists upon protecting the privacy of its customers and is not willing to disclose copies of any documents or records concerning the confidential transactions of its customers, other than the parties to this action."

A hearing was held, at which counsel for Bank and real parties were present. The trial court ordered the information disclosed subject to certain limitations concerning the relevant time period and types of financial transactions to be disclosed. Although the court made no formal findings, the record indicates that the court determined that the requested information was both relevant to real parties' asserted defense to Bank's action and was not privileged or protected from discovery procedures. Bank brought the instant proceedings for mandate, or prohibition to compel the trial court to make an appropriate protective order. We issued an alternative writ of mandate, having concluded that the issue before us is of first impression and of general interest to the bench and bar. (See *Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 169 [84 Cal.Rptr. 718, 465 P.2d 854].)

Preliminarily, we note that the record supports a conclusion that the requested information is "relevant" to real parties' defense in this action. Under the discovery statutes, information is discoverable if it is unprivileged and is either relevant to the subject matter of the action

or reasonably calculated to reveal admissible evidence. (See Code Civ. Proc., §§ 2016, subd. (b), 2031; *Pacific Tel. & Tel. Co.* v. *Superior Court, supra,* 2 Cal.3d 161 at pp. 172-173.) As we stated in the *Pacific* case, ". . . the relevance of the subject matter standard must be reasonably applied; in accordance with the liberal policies underlying the discovery procedures, doubts as to relevance should generally be resolved in favor of permitting discovery [citation]." (Fns. omitted; 2 Cal.3d at p. 173.) ▆ The information sought by real parties may assist in establishing an estoppel or fraud defense to Bank's suit.

Assuming relevance, and considering Bank's contention that such information is privileged and protected from discovery, we review the statutory privilege described in the Evidence Code (§ 900 et seq.). There is revealed no bank-customer privilege akin to the lawyer-client privilege (Evid. Code, § 950 et seq.) or the physician-patient privilege (*id.,* § 990 et seq.). Indeed, the general rule appears to be that there exists no common law privilege with respect to bank customer information. (58 Am.Jur., Witnesses, § 363, p. 215; Annot. (1937) 109 A.L.R. 1450.) ▆ Furthermore, it is clear that the privileges contained in the Evidence Code are *exclusive* and the courts are not free to create new privileges as a matter of judicial policy. (Evid. Code, § 911, subd. (b); *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531, 539-540 [113 Cal.Rptr. 897, 522 P.2d 305].)

▆ Nevertheless, despite the exclusivity of the Evidence Code on the subject of privileges and the absence of either a common law or statutory authority, overriding constitutional considerations may exist which impel us to recognize some limited form of protection for confidential information given to a bank by its customers.

A constitutional amendment adopted in 1974 elevated the right of privacy to an "inalienable right" expressly protected by force of constitutional mandate. (Cal. Const., art. I, § 1.) Although the amendment is new and its scope as yet is neither carefully defined nor analyzed by the courts, we may safely assume that the right of privacy extends to one's confidential financial affairs as well as to the details of one's personal life. Indeed, we recently discussed at length the "reasonable expectation of privacy" which a bank customer entertains with respect to financial information disclosed to his bank. Thus, in *Burrows* v. *Superior Court* (1974) 13 Cal.3d 238 [118 Cal.Rptr. 166, 529 P.2d 590], we held that customer information voluntarily disclosed by a bank to law enforcement officers without the customer's knowledge or consent constituted the product of an unlawful search and seizure under article I,

section 13, of the California Constitution. We stated in *Burrows* that "It cannot be gainsaid that the customer of a bank expects that the documents, such as checks, which he transmits to the bank in the course of his business operations, will remain private, and that such an expectation is reasonable . . . . [¶] A bank customer's reasonable expectation is that, *absent compulsion by legal process,* the matters he reveals to the bank will be utilized by the bank only for internal banking purposes." (Italics added, 13 Cal.3d at p. 243.) Similarly, it is the general rule in other jurisdictions that a bank impliedly agrees not to divulge confidential information without the customer's consent unless compelled by court order. (*First National Bank in Lenox* v. *Brown* (Iowa 1970) 181 N.W.2d 178, 183; *Milohnich* v. *First National Bank of Miami Springs* (Fla.App. 1969) 224 So.2d 759, 761; 10 Am.Jur.2d, Banks, § 332, p. 295; Annot. (1963) 92 A.L.R.2d 900.)

As is apparent from the foregoing discussion, we indulge in a careful balancing of the right of civil litigants to discover relevant facts, on the one hand, with the right of bank customers to maintain reasonable privacy regarding their financial affairs, on the other.

Under present statutory provisions, no attempt is made to achieve such a balance. As noted above, information is discoverable if relevant and unprivileged (Code Civ. Proc., §§ 2016, subd. (b), 2031), and the burden is placed upon the party opposing discovery to show good cause for a protective order limiting discovery (*id.,* § 2019, subd. (b)(1)). Pursuant to existing law, when bank customer information is sought, the bank has no obligation to notify the customer of the proceedings, and disclosure freely takes place unless the bank chooses to protect the customer's interests and elects to seek a protective order on his behalf.

The case involves opposing considerations, personal and financial, and it is readily apparent that the existing discovery scheme is inadequate to protect the bank customer's right of privacy which now is constitutionally founded. The protection of such right should not be left entirely to the election of third persons who may have their own personal reasons for permitting or resisting disclosure of confidential information received from others. On the other hand, we readily acknowledge that relevant bank customer information should not be wholly privileged and insulated from scrutiny by civil litigants. The Legislature has not so directed, and in expressing a contrary position we said in *In re Lifschutz* (1970) 2 Cal.3d 415, 425 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1], "In order to facilitate the ascertainment of truth and the just resolution of legal

claims, the state clearly exerts a justifiable interest in requiring a businessman to disclose communications, confidential or otherwise, relevant to pending litigation. [Citations.]"

Striking a balance between the competing considerations, we conclude that before confidential customer information may be disclosed in the course of civil discovery proceedings, the bank must take reasonable steps to notify its customer of the pendency and nature of the proceedings and to afford the customer a fair opportunity to assert his interests by objecting to disclosure, by seeking an appropriate protective order, or by instituting other legal proceedings to limit the scope or nature of the matters sought to be discovered.

■ The variances of time, place, and circumstance which may invoke application of the foregoing principle cannot be anticipated, but in evaluating claims for protection of bank customers, the trial courts are vested with the same discretion which they generally exercise in passing upon other claims of confidentiality. (See Code Civ. Proc., § 2019, subd. (b)(1); *In re Lifschutz, supra,* 2 Cal.3d 415, 437-438; cf. *Hauk* v. *Superior Court* (1964) 61 Cal.2d 295, 298-299 [38 Cal.Rptr. 345, 391 P.2d 825].) We have previously expressed those considerations which, among others, will affect the exercise of the trial court's discretion. They include ". . . the purpose of the information sought, the effect that disclosure will have on the parties and on the trial, the nature of the objections urged by the party resisting disclosure, and ability of the court to make an alternative order which may grant partial disclosure, disclosure in another form, or disclosure only in the event that the party seeking the information undertakes certain specified burdens which appear just under the circumstances." (*Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 382 [15 Cal.Rptr. 90, 364 P.2d 266].) Where it is possible to do so, ". . . the courts should impose partial limitations rather than outright denial of discovery." (*Id.,* at p. 383.)

■ With respect to bank customer information, the trial court has available certain procedural devices which may be useful in fashioning an appropriate order that will, so far as possible, accommodate considerations of both disclosure and confidentiality. These include deletion of the customer's name (evidently inappropriate in the instant case), ordering that the information be sealed, to be opened only on further order of court (see Code Civ. Proc., § 2019, subd. (b)(1)), and the holding of *in camera* hearings. There may well be others which ingenious courts and counsel may develop.

Let a writ of mandate issue directing the trial court to vacate its order granting discovery herein and to conduct further proceedings consistent with this opinion.

Wright, C. J., McComb, J., Tobriner, J., Sullivan, J., Clark, J., and Molinari, J.,* concurred.

*Assigned by the Chairman of the Judicial Council.