[Civ. No. 41338. First Dist., Div. Three. Apr. 25, 1978.]

GODFREY LEHMAN, Plaintiff and Appellant, v.
CITY AND COUNTY OF SAN FRANCISCO,
Defendant and Respondent.

310

**COUNSEL**

Robert B. Farrell and Carr Smulyan & Hartman for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, and B. Timothy Murphy, Deputy City Attorney, for Defendant and Respondent.

**OPINION**

**SCOTT, Acting P. J.**—Godfrey Lehman appeals from the judgment of dismissal following the sustaining of a demurrer by respondent City and County of San Francisco to his complaint, which alleges six causes of action against respondent for the separate violations under both state and federal law of his right to privacy, freedom of association and due process.[1] For the purpose of the present appeal respondent's demurrer admits the truthfulness of the properly pleaded factual allegations of the complaint. (See, e.g. *White* v. *Davis* (1975) 13 Cal.3d 757, 765 [120 Cal.Rptr. 94, 533 P.2d 222].) The allegations regarding the two causes of action for violation of the right to privacy are as follows.

Appellant was called for jury duty in San Francisco Superior Court and assigned as a prospective juror in the case of Dyer v. Sea-Land Service, Inc. (case No. 674-905). The jury commissioner informed the parties to the litigation of appellant's identity as a prospective juror knowing that the litigants "would investigate and invade the private affairs" of appellant and "compile information about his private life and activities." The litigants subsequently made such an investigation and compiled such information. After reporting as a juror in the case,

---

[1]The complaint names other defendants and alleges additional causes of action not relevant to the present appeal.

appellant informed the court of his belief as to activities of the litigants and requested that the court require them to disclose the information. The court, with knowledge of the jury commissioner's actions, which aided the litigants in their investigation and compilation of information, refused to order the disclosure of the information to appellant. Appellant has no access to the information and does not know the extent of the invasion of his privacy.

As to the two causes of action for the violation of appellant's right of freedom of association, appellant further alleges that the investigation into his private affairs resulted in his restricting his normal activities and the people with whom he had contact.

Finally, in the two causes of action for the denial of due process appellant additionally alleges that he has a "possessory and property right to all" the information gathered during the investigation into his personal life, which was violated by respondent's actions.

The issue presented in the present case is the narrow one of whether the above allegations constitute a cause of action *against respondent City and County of San Francisco* for the violation under state or federal law of appellant's right of privacy, freedom of association or due process. Thus, we express no opinion as to whether appellant has any right of action against either the litigants in the case in which he was called as a juror or any other person.

We note at the outset that disclosure by respondent of the identities of potential jurors is required by Government Code section 6250 et seq.[2] Section 6253 requires public access to "public records" which is defined in section 6252 to include "any writing containing information relating to the conduct of the public's business" which is prepared by a city or county.[3]

■ We first consider whether the mere disclosure by respondent of appellant's identity as a prospective juror, in compliance with Government Code section 6250 et seq. and absent any knowledge or intent as to

---

[2]Government Code section 6250 provides: "In enacting this chapter, the Legislature, mindful of the right of individuals to privacy, finds and declares that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state."

[3]The exceptions contained in Government Code section 6254 to the general disclosure requirements are not applicable to the present case.

how the information would be used by others, violates either a state or federal right of privacy, freedom of association or due process. In other words, we determine the constitutionality of Government Code section 6250 et seq. as applied to the disclosure of the identity of a prospective juror.

The cases recognizing the presence of the California constitutional right of privacy involve the gathering or disclosure of sensitive or personal information.[4] (See, e.g., *White* v. *Davis* (1975) 13 Cal.3d 757 [120 Cal.Rptr. 94, 533 P.2d 222] [university student's political views]; *Porten* v. *University of San Francisco* (1976) 64 Cal.App.3d 825 [134 Cal.Rptr. 839] [student's academic record]; *Valley Bank of Nevada* v. *Superior Court* (1975) 15 Cal.3d 652 [125 Cal.Rptr. 553, 542 P.2d 977] [individual's bank records].) In the present case, the only information disclosed by respondent about appellant was his status as a prospective juror. This information was not of personal nature as was that involved in *White, Porten* or *Valley Bank*. Appellant's appearance on the list of prospective jurors was not voluntary and revealed nothing about him since selection for jury duty is random. (Code Civ. Proc., §§ 204e, 205.) Finally, the release of appellant's identity as a prospective juror is no more violative of his privacy than the release of his identity as an actual juror, which is inevitable once a trial begins. The only alleged private or sensitive information involved in the present case was gathered by others after respondent's disclosure.

Furthermore, respondent's conduct as alleged does not come within any of the four "mischiefs" identified by the court in *White*. First, respondent did not engage in "snooping" or the gathering of personal information. Second, respondent was not involved in the overbroad collection or retention of unnecessary personal information. Third, respondent did not misuse any information which it had obtained for a proper purpose. Fourth, respondent did not fail to provide "a reasonable check on the accuracy of existing records." (See *White* v. *Davis, supra,* 13 Cal.3d 757 at p. 775.)

Neither appellant nor our research reveals any authority which suggests the "penumbral" federal constitutional right of privacy is more protective and inclusive than the explicit right of privacy contained in

---

[4]The right of privacy is found in California Constitution, article I, section 1, which reads as follows: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

article I, section 1 of the California Constitution. (See *Griswold* v. *Connecticut* (1965) 381 U.S. 479, 484 [14 L.Ed.2d 510, 514-515, 85 S.Ct. 1678].)

Since appellant's allegation of a violation of the right of free association and due process is essentially derivative of the right of privacy, we conclude that the mere disclosure by respondent of appellant's identity as a prospective juror is similarly not violative of these rights under either state or federal law.

The complaint in the present case alleges not only respondent's disclosure of appellant's identity as a prospective juror, but that such disclosure was made with knowledge of the intended use of this information by the litigants. In light of the statutory duty under Government Code section 6250 et seq., respondent's knowledge or intent at the time of the disclosure is irrelevant. Since respondent has an unqualified duty to disclose the identity of prospective jurors and the performance of this duty is constitutional, respondent's state of mind at the time of disclosure cannot make its act unconstitutional.

■ Finally, the refusal of the court to order the litigants to disclose any private information gathered about appellant does not, taken alone or together with the other actions of respondent, impose liability on respondent or violate appellant's constitutional rights of privacy, freedom of association or due process. At the time appellant made his demand there had been no judicial determination that the litigants had done anything improper. Furthermore, there is no allegation that the court even knew what specific information the litigants had gathered about appellant. The court had no basis for knowing what information it should order the litigants to disclose. Since respondent acted properly in initially disclosing the identity of appellant as a potential juror, this action did not impose any duty on the court to order the disclosure of any information later gathered by the litigants.

Judgment is affirmed.

Feinberg, J., and Terry, J.,* concurred.

A petition for a rehearing was denied May 25, 1978, and appellant's petition for a hearing by the Supreme Court was denied July 5, 1978. Newman, J., was of the opinion that the petition should be granted.

*Assigned by the Chairperson of the Judicial Council.