[No. B066001. Second Dist., Div. One. Aug. 9, 1993.]

ELLEN SEHLMEYER, Plaintiff and Respondent, v.
DEPARTMENT OF GENERAL SERVICES, Defendant;
CRAIG STEMPF, Real Party in Interest and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Yvonne M. Renfrew for Plaintiff and Respondent.

Callahan, McCune & Willis, O. Brandt Caudill, Jr., and Robert W. Thompson for Real Party in Interest and Appellant.

## OPINION

**VOGEL (Miriam A.), J.**—We hold in this case that an administrative subpoena duces tecum issued to obtain a third party witness's personal records must be preceded by notice to the witness.

### FACTS

Ellen Sehlmeyer complained to the Board of Psychology of the State of California about Craig Stempf, a licensed clinical psychologist. The board initiated disciplinary action against Stempf and a hearing was set before an administrative law judge (acting under the auspices of the Department of General Services of the State of California). In anticipation of the hearing, Stempf served 17 or more subpoenas duces tecum on Sehlmeyer's past and present physicians and psychotherapists and her former attorneys. Copies of the subpoenas were served on the board but no notice of any kind was given to Sehlmeyer. The records were produced to the ALJ at a prehearing conference and the ALJ gave them to Stempf's attorney.

When Sehlmeyer discovered the disclosure, she filed a petition for a writ of mandate to compel the Department of General Services to quash the subpoenas and return the documents. The Board of Psychology (as one real party in interest) did not oppose the petition and disclaimed any interest in Sehlmeyer's personal records. Stempf (the other real party in interest) claimed the petition was moot because the disciplinary action had been settled but nevertheless insisted the records had been properly subpoenaed.[1]

The trial court granted the petition, finding service of the subpoenas without prior notice to Sehlmeyer violated her right of privacy, and ordered Stempf to pay Sehlmeyer's attorney fees of $70,830. ██ █ Stempf appeals from the judgment commanding the Department of General Services to quash the subpoenas and return the records, and from the order directing him to pay Sehlmeyer's attorney fees.[2]

---

[1]Stempf did not file an answer to the petition (or any other responsive pleading), but only an unverified memorandum of points and authorities. Accordingly, the facts alleged in the petition are uncontroverted and are deemed true on this appeal. (*Pacific Indem. Co.* v. *Superior Court* (1966) 246 Cal.App.2d 63, 65, fn. 2 [54 Cal.Rptr. 470].)

[2]After Stempf filed his appellant's opening brief, Sehlmeyer filed a motion for an "order summarily affirming [the] judgment," contending Stempf's failure to present evidence at trial affects his right to appeal. We disagree. The issue is one of law and we therefore reach the merits of the appeal.

DISCUSSION

I.

■ Stempf contends his subpoenas comply with the literal letter of the law as expressed in the Government Code. According to Stempf, this means no notice to Sehlmeyer was required (and also means the trial court was wrong). We disagree.

A.

Section 1985 et seq. of the Code of Civil Procedure covers the means of production of persons and papers in civil proceedings. Section 1985 defines a subpoena, sets forth the requirement of an affidavit to support a subpoena duces tecum, and provides for the issuance of signed subpoenas in blank. (Code Civ. Proc., § 1985, subds. (a)-(c).) Section 1985.1 covers agreements to appear at a time other than specified in the subpoena and section 1985.2 addresses the notice to be given to the subpoenaed witness. (Code Civ. Proc., §§ 1985.1, 1985.2.) Finally (at least for purposes of this case), section 1985.3 of the Code of Civil Procedure conditions the issuance of a subpoena duces tecum requesting specified personal records upon timely notice to the consumer whose records are sought.[3]

In proceedings conducted pursuant to the Administrative Procedure Act (Gov. Code, § 11370 et seq.), section 11510 of the Government Code authorizes issuance of subpoenas duces tecum in accordance with the general provisions of the Code of Civil Procedure and specifically incorporates Code of Civil Procedure sections 1985, 1985.1, and 1985.2—but section 11510 of the Government Code does not incorporate (or even refer to)

---

[3]Under section 1985.3 of the Code of Civil Procedure, books, documents and other writings "pertaining to a consumer" and maintained by any "witness" who is a physician, psychotherapist, hospital, attorney or other specified provider of consumer services cannot be subpoenaed unless, 15 days prior to the date of production specified in the subpoena, the subpoenaing party serves on the consumer whose records are sought a copy of the subpoena duces tecum, of the affidavit supporting the issuance of the subpoena, and of a notice informing the consumer that the records are being sought from the designated witness; notice that the consumer may object to the production of the records by filing papers with the court prior to the date specified in the subpoena for production; and notice that if the requesting party refuses to agree in writing to cancel the subpoena, an attorney should be consulted. (Code Civ. Proc., § 1985.3, subds. (a)-(e).) "Failure to comply with this section shall be sufficient basis for the witness to refuse to produce the personal records sought by a subpoena duces tecum." (Code Civ. Proc., § 1985.3, subd. (k).)

section 1985.3 of the Code of Civil Procedure.[4] According to Stempf, the Legislature's failure to mention Code of Civil Procedure section 1985.3 in subdivision (a) of section 11510 of the Government Code demonstrates a specific intent to exclude administrative subpoenas from the operation of section 1985.3. We do not engage in the somewhat sticky statutory analysis required to resolve this point—because even if Stempf is correct, there still exists a constitutional and common law right to privacy which resolves the underlying issue against Stempf.

## B.

The road to Code of Civil Procedure section 1985.3 was paved by our Supreme Court in *Valley Bank of Nevada* v. *Superior Court* (1975) 15 Cal.3d 652 [125 Cal.Rptr. 553, 542 P.2d 977]. (*Sasson* v. *Katash* (1983) 146 Cal.App.3d 119, 124 [194 Cal.Rptr. 46].) Although the Legislature later constructed a direct route to resolve the issue in civil proceedings (Code Civ. Proc., § 1985.3), the old road still exists and it leads ineluctably to the conclusion we reach in this case.

In *Valley Bank,* a bank sued a borrower to recover the balance due on a construction loan. The defendant, in turn, claimed the bank had misled him with misrepresentations that additional financing would be provided. To prove his allegations, the defendant noticed the deposition of the bank's chairman and asked him to bring with him records of the bank's transactions with several named persons, corporations and associations, all of whom were customers of the bank. The bank objected to the disclosure of its customers' records, asserting its obligation to protect the privacy of its nonparty customers. The trial court overruled the objection and ordered the bank to produce the records. On the bank's petition, the Supreme Court issued a writ of mandate. (*Valley Bank of Nevada* v. *Superior Court, supra,* 15 Cal.3d at pp. 654-655.)

---

[4]Subdivisions (a) and (b) of section 11510 of the Government Code provide, as pertinent, that: "(a) Before the hearing has commenced, the agency or the assigned administrative law judge shall issue subpoenas and subpoenas duces tecum at the request of any party for attendance or production of documents at the hearing. Subpoenas and subpoenas duces tecum shall be issued in accordance with Sections 1985, 1985.1, and 1985.2 of the Code of Civil Procedure. . . . [¶] (b) The process issued pursuant to subdivision (a) shall be extended to all parts of the state and shall be served in accordance with Sections 1987 and 1988 of the Code of Civil Procedure. . . ."

Subdivision (a) of section 11510 of the Government Code was amended in 1986, to add the references to sections 1985.1 and 1985.2 of the Code of Civil Procedure (§ 1985 was already referenced). (Stats. 1986, ch. 597, § 1, p. 2067.) Section 1985.3 of the Code of Civil Procedure existed at that time (it was enacted in 1980). (Stats. 1980, ch. 976, § 1, pp. 3101-3102.)

First, the Supreme Court concluded the records were relevant to establish an estoppel or fraud defense to the bank's suit. Second, the court held that "it is clear that the privileges contained in the Evidence Code are *exclusive* and the courts are not free to create new privileges as a matter of judicial policy." (15 Cal.3d at p. 656.) But the court also held that, despite the exclusivity of the Evidence Code on the subject of privileges and the absence of either common law or statutory protection, overriding constitutional considerations compelled recognition of some limited form of protection for confidential information given to a bank by its customers.

The basis for this conclusion was, of course, the constitutional amendment adopted in 1974 which "elevated the right of privacy to an 'inalienable right' expressly protected by force of constitutional mandate. (Cal. Const., art. I, § 1.)" (*Valley Bank of Nevada* v. *Superior Court, supra,* 15 Cal.3d at p. 656.) Although the amendment was then new, the court considered it safe to "assume that the right of privacy extends to one's confidential financial affairs as well as to the details of one's personal life." (*Ibid.*) The issue then was one of "careful balancing of the right of civil litigants to discover relevant facts, on the one hand, with the right of bank customers to maintain reasonable privacy regarding their financial affairs, on the other." (*Id.,* at p. 657.) As there was then no statutory attempt to achieve any balance at all, and no provision in the existing discovery scheme to protect the customers' constitutional right to privacy, it fell to the court to do the balancing:

"The protection of such right should not be left entirely to the election of third persons who may have their own personal reasons for permitting or resisting disclosure of confidential information received from others. On the other hand, we readily acknowledge that relevant bank customer information should not be wholly privileged and insulated from scrutiny by civil litigants. . . .

"Striking a balance between the competing considerations, we conclude that before confidential customer information may be disclosed in the course of civil discovery proceedings, the bank must take reasonable steps to notify its customer of the pendency and nature of the proceedings and to afford the customer a fair opportunity to assert his interests by objecting to disclosure, by seeking an appropriate protective order, or by instituting other legal proceedings to limit the scope or nature of the matters sought to be discovered.

"The variances of time, place, and circumstance which may invoke application of the foregoing principle cannot be anticipated, but in evaluating

claims for protection of bank customers, the trial courts are vested with the same discretion which they generally exercise in passing upon other claims of confidentiality. . . . They include '. . . the purpose of the information sought, the effect that disclosure will have on the parties and on the trial, the nature of the objections urged by the party resisting disclosure, and ability of the court to make an alternative order which may grant partial disclosure, disclosure in another form, or disclosure only in the event that the party seeking the information undertakes certain specified burdens which appear just under the circumstances.' (*Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 382 [15 Cal.Rptr. 90, 364 P.2d 266].) Where it is possible to do so, '. . . the courts should impose partial limitations rather than outright denial of discovery.' (*Id.*, at p. 383.)" (*Valley Bank of Nevada* v. *Superior Court, supra,* 15 Cal.3d at pp. 657-658.)

## C.

The procedure adopted by the Supreme Court in *Valley Bank* works just as well in the administrative context as it did in civil proceedings. Using the facts of this case, we offer a road map for future administrative cases, borrowed from *Valley Bank,* modified as necessary to fit the administrative context and enhanced by the legislative insight afforded by section 1985.3 of the Code of Civil Procedure.[5]

First, we give the benefit of the doubt to Stempf and assume Sehlmeyer's medical, psychiatric and legal records were somehow relevant to the disciplinary proceedings against Stempf.

Second, we conclude that the Legislature's failure to incorporate the notice provisions of Code of Civil Procedure section 1985.3 into Government Code section 11510 could not and does not diminish rights created by the California Constitution and that here, as in *Valley Bank,* overriding constitutional considerations compel recognition of some form of protection for information which is indisputably confidential. (Cal. Const., art. I, § 1; *Valley Bank of Nevada* v. *Superior Court, supra,* 15 Cal.3d at p. 656.) If this was true in *Valley Bank* in the absence of a statutory privilege to protect the bank's records, it must a fortiori be true here, where it appears all of the requested records were in fact privileged under express provisions of the

---

[5]The Office of Administrative Hearings and the Board of Psychology are parties to these proceedings (the former was named as the respondent, the latter as the real party in interest) but neither has filed a brief on this appeal. That is unfortunate, since we do not have the benefit of their views about the procedure we adopt in this case.

Evidence Code. (Evid. Code, §§ 950-955 [lawyer-client], 990-995 [physician-patient], 1010-1015 [psychotherapist-patient]; see also *Gilbert* v. *Superior Court* (1987) 193 Cal.App.3d 161, 176 [238 Cal.Rptr. 220].)[6]

Third, the issue is one of careful balancing of the rights of *administrative* litigants (as opposed to *civil* litigants, a distinction without a difference in this context) to discover relevant facts, on the one hand, with the rights of a third party witness to maintain reasonable privacy regarding her personal affairs, on the other. (*Valley Bank of Nevada* v. *Superior Court, supra*, 15 Cal.3d at p. 657.) As there is no provision in the existing administrative scheme to protect the third party witness's constitutional right to privacy or her statutory privilege rights, it falls to us and, ultimately, to the administrative tribunal to do the balancing.

Striking a balance between these competing considerations, we conclude that before confidential third party personal records[7] may be disclosed in the course of an administrative proceeding, the subpoenaing party[8] must take reasonable steps to notify the third party of the pendency and nature of the

---

[6]Subject to specific exceptions, subdivision (a) of section 56.10 of the Civil Code prohibits health care providers from disclosing a patient's medical information without first obtaining the patient's authorization. We do not address Sehlmeyer's rights, if any, against the health care providers who turned over records without her consent. (See also Evid. Code, § 995 [physician required to claim privilege]; *Board of Medical Quality Assurance* v. *Gherardini* (1979) 93 Cal.App.3d 669 [156 Cal.Rptr. 55].) The only issue before us is whether notice should have been given to Sehlmeyer at the time her confidential records were subpoenaed.

[7]We define "third party personal records" as the original or any copy of books, documents, or other writings pertaining to a third party and which are maintained by any witness who is a physician, chiropractor, veterinarian, veterinary hospital, veterinary clinic, pharmacist, pharmacy, hospital, state or national bank, state or federal association (as defined in § 5102 of the Fin. Code), state or federal credit union, trust company, anyone authorized by this state to make or arrange loans that are secured by real property, security brokerage firm, insurance company, title insurance company, underwritten title company, escrow agent licensed pursuant to division 6 (commencing with § 17000) of the Financial Code or exempt from licensure pursuant to section 17006 of the Financial Code, attorney, accountant, institution of the Farm Credit System, as specified in section 2002 of title 12 of the United States Code, or telephone corporation which is a public utility, as defined in section 216 of the Public Utilities Code, or psychotherapist, as defined in section 1010 of the Evidence Code, or a private or public preschool, elementary school, or secondary school. (See Code Civ. Proc., § 1985.3, subd. (a)(1).)

We define "third party" to mean any individual, partnership of five or fewer persons, association, or trust which has transacted business with, or has used the services of, the witness or for whom the witness has acted as agent or fiduciary, except the subpoenaing party. (See Code Civ. Proc., § 1985.3, subd. (a)(2).)

[8]In *Valley Bank*, where the court was concerned only with bank records, it made sense to place the burden of notice on the institutional witness whose records were sought. In our

proceedings and to afford the third party a fair opportunity to assert her interests by objecting to disclosure, by seeking an appropriate protective order from the administrative tribunal, or by instituting other legal proceedings to limit the scope or nature of the matters sought to be discovered.

The variances of time, place, and circumstance which may invoke application of the foregoing principle cannot be anticipated, but in evaluating claims for protection of third party personal records, administrative law judges are vested with the same discretion which they generally exercise in passing upon other claims of confidentiality. (See Gov. Code, §§ 11512, 11513; see Cal. Administrative Hearing Practice (Cont.Ed.Bar 1984) Hearing Procedure, § 3.50, pp. 194-195.) In exercising discretion in this context, the ALJ should consider the purpose of the information sought, the effect disclosure will have on the parties and on the hearing, the nature of the objections urged by the party resisting disclosure, and the ability of the ALJ to make an alternative order granting partial disclosure, disclosure in another form, or disclosure only in the event the party seeking the information undertakes certain specified burdens which appear just under the circumstances. (*Greyhound Corp.* v. *Superior Court, supra,* 56 Cal.2d at p. 382.) Whenever possible, the ALJ should impose partial limitations rather than an outright denial of discovery. (*Id.* at p. 383.)[9]

---

context, it makes more sense to do what the Legislature did when it enacted section 1985.3 of the Code of Civil Procedure, and that is to place the burden on the subpoenaing party.

We define "subpoenaing party" to mean the person or persons causing a subpoena duces tecum to be issued or served in connection with any administrative proceeding pursuant to section 11370 et seq. of the Government Code. (Compare Code Civ. Proc., § 1985.3, subd. (a)(3).)

[9]To the extent Sehlmeyer's records come within the physician-patient or other statutory privilege, this case differs from *Valley Bank* and additional considerations must be balanced (e.g., the existence of the privilege and questions about waiver). But we emphasize that we do not in this case intend to express an opinion about whether a person who complains to a licensing agency thereby waives any privilege which would otherwise exist between the complainant and the licensee, under the patient-litigant exception to the physician-patient privilege (Evid. Code, § 996) or otherwise. (See Gov. Code, § 11513, subd. (c) ["The rules of privilege shall be effective to the extent that they are otherwise required by statute to be recognized at the hearing"]; *People* v. *Reber* (1986) 177 Cal.App.3d 523, 528-532 [223 Cal.Rptr. 139] [in a criminal case charging a sexual assault, the victim's psychotherapy records *may* be discoverable to the extent necessary to protect the defendant's constitutional rights]; *Webster* v. *Board of Dental Examiners* (1941) 17 Cal.2d 534, 537-539 [110 P.2d 992] [where the Legislature has created a professional board and has conferred upon it power to administer the provisions of a general regulatory plan governing the members of the profession, the board need not conduct its proceedings for the revocation of a license in accordance with theories developed in the field of criminal law].) Although we agree with Stempf that this issue must at some point be resolved, we don't agree that this is the case in which to do it. The absence of notice to Sehlmeyer precluded resolution of this issue at the administrative

We hope this approach works on an interim basis and encourage the Legislature to act expeditiously to address the problem.

## II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment and order are affirmed. Sehlmeyer shall recover her costs on appeal.

Ortega, J., concurred. Spencer, P. J., concurred in the judgment only.

A petition for a rehearing was denied August 31, 1993, and appellant's petition for review by the Supreme Court was denied October 28, 1993.

---

level and the state of the record before us precludes resolution at this stage. (See Cal. Administrative Hearing Practice, *supra*, § 3.40, pp. 187-188.)

*See footnote, *ante*, page 1072.