94 Cal.Rptr.2d 137 (2000)
79 Cal.App.4th 417
VALLEY PRESBYTERIAN HOSPITAL, Petitioner,
v.
The SUPERIOR COURT of Los Angeles County, Respondent;
Cynthia J. Homel, individually and as personal representative etc., Real Party in Interest.
No. B137995.
Court of Appeal, Second District, Division Four.
March 27, 2000.
Review Denied July 12, 2000.[*]
*138 Rushfeldt, Shelley & Drake LLP, Sherman Oaks, Christopher A. Datomi, Los Angeles, and Christine T. Hoeffner, Sherman, for Petitioner.
No appearance for Respondent.
Law Offices of Ned Good, Ned Good, and Steven Schuetze, Pasadena, for Real Party in Interest.
CHARLES S. VOGEL, P.J.

INTRODUCTION
The lawsuit underlying this mandate proceeding is a wrongful death action brought by plaintiff Cynthia Homel. Her husband, Richard Homel, died immediately following elective back surgery at Valley Presbyterian Hospital (Hospital). Plaintiff *139 has sued numerous entities and individuals, naming, among others, Hospital and several doctors as defendants in a medical malpractice claim.
This petition involves a discovery dispute between plaintiff and Hospital regarding plaintiffs request for the home addresses and phone numbers of Hospital employees who were either in the operating room, saw the decedent prior to the surgery, or claim to have knowledge of the pertinent events. Hospital refused to disclose the information, asserting the employees' constitutional right to privacy. The trial court denied plaintiffs motion to compel disclosure of that information but ordered Hospital to produce those employees for interviews to be conducted by plaintiffs counsel outside the presence of Hospital's attorney. Hospital filed the present petition to challenge that order.
We conclude the order directing production of employees for interviews is not authorized by statute and therefore is an abuse of discretion. However, we also conclude that plaintiff has shown a compelling need for the names and addresses of employees and that in this case disclosure of that information constitutes a minimal intrusion upon the employees' constitutional right to privacy. We issue a writ compelling the trial court to proceed in accord with these views.

FACTUAL AND PROCEDURAL BACKGROUND
This dispute began when plaintiff propounded interrogatories requesting Hospital to furnish the names of all of its employees identified in any of decedent's medical records. Hospital provided the names of 13 individuals who were in the operating room, four individuals who had contact with decedent prior to the fatal surgery, and three individuals who claimed to have knowledge of the events.
Plaintiff then requested the home address and phone number of each of the identified individuals. Hospital refused to provide that information, citing the state constitutional right to privacy. Plaintiff responded by filing a motion to compel.
At the hearing on the motion, the court first found that "[t]here is no right to privacy involved here. There is nothing that they [plaintiffs counsel] want in th[e] personnel file[s of the named individuals]." "You [Hospital] don't have to go in that file and get their name and address.... [Y]ou can ask every one of them, if you want."
In ruling upon plaintiffs motion, the court distinguished between past and present employees of Hospital. Plaintiffs counsel indicated there was at least one individual who no longer worked for Hospital.[1] The court ordered Hospital to provide the names, addresses, and phone numbers of any of the identified individuals who were no longer employed by Hospital. Defense counsel responded: "Okay, Your Honor." (See fn. 3, infra.)
In regard to those still presently employed, the court ruled: "[Y]ou [Hospital] have to furnish those people and make them available [at your hospital] whenever [plaintiffs counsel] wants them to interview them, so he can determine whether or not he wants to depose them." The court barred defense counsel from being present at the interviews; instead, counsel could be seated outside the interview room and answer any questions the employees may have during the interview. When defense counsel objected to this procedure, the court explained: "If this doesn't work, then you are just going to furnish all of the names and addresses. I am trying to make an accommodation for you.... [¶] I can give him [plaintiffs counsel] the addresses and you won't be there when they *140 go and I don't want to do that at this point. So I am trying to reach an accommodation.... I think he [plaintiffs counsel] has a right to do his discovery to present his case and I think you have a right to protect the witnesses, to the extent that there is no reason to give out their home address at this point." Consequently, the court declined to order Hospital to furnish the home addresses and phone numbers of those employees.
The next day, plaintiffs counsel sent a FAX to Hospital identifying 13 individuals he wished to interview. He explained he was willing to interview "at any time between 6 a.m. and 10 p.m., any day including Saturdays and Sundays in order to accommodate each witness and minimize inconvenience to the witness.... [¶] In order to eliminate any claim that the witness was threatened, mistreated by the lawyers, misquoted in any way, or improperly pressured we intend to tape record each interview."
Shortly thereafter, Hospital filed the present petition to challenge the trial court's order. We stayed enforcement of the order and issued an order to show cause.

DISCUSSION
Hospital first contends the procedure ordered by the trial courtproduction of Hospital employees for interviews by plaintiffs counselis unauthorized by law. Hospital is correct on this point.
In regard to individuals who are not parties to the actionand all of the named Hospital employees presently fall into that categorythe only authorized discovery method by which the employees may be compelled to answer questions is by way of deposition. (Code Civ. Proc., § 2020.) Nothing in the Civil Discovery Act of 1986 authorizes a trial court to order a party to make its employees available for interview by its opponent. The fact that the trial court was attempting to fashion a practical solution to accommodate each party's concerns is not controlling. Decisional law has "made it clear that the courts are without power to expand the methods of civil discovery beyond those authorized by statute. [Citations.]... [I]n the area of civil discovery, the judiciary has no power to create or sanction types or methods of discovery not based on a reasonable interpretation of statutory provisions." (Holm v. Superior Court (1986) 187 Cal.App.3d 1241, 1247, 232 Cal.Rptr. 432.) It therefore follows that the order directing Hospital to present its employees for interviews was an abuse of discretion and must be set aside.[2]
Hospital next contends the trial court erred in finding that the constitutional right to privacy was not implicated by plaintiffs request for the names and addresses of the Hospital employees. On this point, we find that while the right to privacy is implicated in this request, the intrusion on privacy triggered by disclosure of home phone numbers and addresses is minimal when balanced against plaintiffs need for the information. We therefore will direct the trial court to order disclosure of that information.[3],[4] We explain.
*141 On the one hand, discovery statutes are construed liberally to uphold the right to discovery wherever possible. (Emerson Electric Co. v. Superior Court (1997) 16 Cal.4th 1101, 1107, 68 Cal.Rptr.2d 883, 946 P.2d 841.) The scope of discovery is broad. The test is whether it "appears reasonably calculated to lead to the discovery of admissible evidence." (Code Civ. Proc., § 2017, subd. (a).) In particular, "[d]iscovery may be obtained of the identity and location of persons having knowledge of any discoverable matter...." (Ibid., italics added.)
On the other hand, the state constitutional right to privacy (Cal. Const., art. I, § 1) provides a qualified, not absolute, bar to discovery. (Britt v. Superior Court (1978) 20 Cal.3d 844, 854-855, 143 Cal.Rptr. 695, 574 P.2d 766.) A party to an action, such as Hospital, may assert the privacy rights of third parties such as its employees. (Valley Bank of Nevada v. Superior Court (1975) 15 Cal.3d 652, 657, 125 Cal.Rptr. 553, 542 P.2d 977.) The trial court is required to balance the right of privacy with the need for discovery. (Harris v. Superior Court (1992) 3 Cal. App.4th 661, 665, 4 Cal.Rptr.2d 564.) As we recently explained, "[t]he party seeking the constitutionally protected information has the burden of establishing that the information sought is directly relevant to the claims." (Tylo v. Superior Court (1997) 55 Cal.App.4th 1379, 1387, 64 Cal. Rptr.2d 731.)
The privacy interest involved in this case is minimal. For one thing, home phone numbers and addresses are the type of information individuals frequently and freely give to coworkers, friends, family, and neighbors. For another thing, this information is often found in phone books issued to the public[5] and, as is occurring with increasing frequency, is easily accessed on the Internet. The Judicial Council has, consistent with statutory authority (Code Civ. Proc. § 2017, subd. (a)), recognized the materiality of and the need for this information and the minimal intrusion caused by its disclosure by including a question about a witness's home address and telephone number in form interrogatories.
Significantly, home addresses and phone numbers of already identified potential witnesses are not within the categories of information to which the constitutional right of privacy is often applied in discovery litigation. In contrast, the class of clearly protected information includes membership in religious and political associations (Britt v. Superior Court, supra, 20 Cal.3d 844, 143 Cal.Rptr. 695, 574 P.2d 766), personal financial data (Cobb v. Superior *142 Court (1979; 99 Cal.App.3d 543, 160 Cal.Rptr. 561), personnel records (Board of Trustees v. Superior Court (1981) 119 Cal.App.3d 516, 174 Cal.Rptr. 160), sexual practices (Vinson v. Superior Court (1987) 43 Cal.3d 833, 239 Cal.Rptr. 292, 740 P.2d 404), and intimate facts about a marital relationship (Tylo v. Superior Court, supra, 55 Cal.App.4th 1379, 64 Cal.Rptr.2d 731).
Contrary to Hospital's argument, the fact that the requested information is also found in the employees' personnel files which are subject to protection does not invest the information about phone numbers and addresses with any greater privacy interest.[6] By way of an example, the personnel files no doubt also indicate the gender of the employees; that, however, does not mean that disclosure of their gender is protected by the right of privacy attaching to personnel files.
We also reject Hospital's argument that no compelling need has been shown for this information. Hospital cannot seriously dispute the potential significance of the employees' observations. Most were in the operating room in which the alleged malpractice occurred. Others had contact with the decedent prior to his death and therefore may be able to testify to statements made to and by him as well as their observations of his condition. And a few claimed to have knowledge of the relevant events. Given this factual matrix, interviews with these individuals certainly could result in the discovery of directly relevant evidence.
To defeat this conclusion, Hospital relies upon its representation that it will accept deposition subpoenas on behalf of the employees.[7] The argument misses the mark. Plaintiffs counsel is entitled to do preliminary investigative work before deciding whether or not the burden and expense of conducting a deposition is warranted. That is, plaintiff should be able to seek interviews of the individuals and determine the significance of their observations (or lack thereof). For instance, in West Pico Furniture Co. v. Superior Court (1961) 56 Cal.2d 407, 15 Cal.Rptr. 119, 364 P.2d 295, an interrogatory requested the names and addresses of all employees who participated in various transactions and the dates of those transactions. Our highest court found the request proper, reasoning that such information would allow the party to make a reasoned decision as to which of those individuals it would depose. (Id. at p. 416, 15 Cal.Rptr. 119, 364 P.2d 295.) The same reasoning applies to this matter.[8] Certainly Hospital, which has daily access to its employees, may, and probably will, first informally speak with (e.g., interview) the employees before deciding whether or not to depose them. It is only fair that plaintiff also be given that opportunity. Of course, the employees can choose not to speak with plaintiffs representative(s) at which point plaintiffs counsel will have to decide whether or not to depose them.
Lastly, we note that Hospital spins a "parade of horribles" that could follow were plaintiffs counsel given access to this information. That is, Hospital sets forth various scenarios in which plaintiffs representatives knock on the doors of *143 friends and neighbors of Hospital's employees and pose a panoply of intrusive questions. Also, Hospital suggests that some of the employees may be represented by counsel and cannot be interviewed. The short answer to this is that the trial court has the authority to fashion a protective order in regard to the release of the information if the need for such is shown. (See, e.g., Valley Bank of Nevada v. Superior Court, supra, 15 Cal.3d 652, 658, 125 Cal.Rptr. 553, 542 P.2d 977.) We will not assume that plaintiffs attorney, furnished with the information, will either act unreasonably or violate the Rules of Professional Conduct. Accordingly, whether or not such restrictions should be imposed on plaintiff is a matter which first must be addressed to the sound discretion of the trial court. Because that has not yet occurred, there is no need for us to express any further views on this particular issue.

DISPOSITION
The order to show cause, having served its purpose, is discharged. Let a peremptory writ of mandate issue compelling respondent superior court to set aside its order of December 22, 1999, and to proceed in accord with the views expressed herein. The temporary stay order issued on January 11, 2000, will remain in effect until the remittitur issues and is thereupon vacated. The parties are to bear their own costs in this proceeding.
EPSTEIN, J., and HASTINGS, J., concur.
NOTES
[*] In denying review, the Supreme Court ordered that the opinion be not officially published. (See California Rules of CourtRules 976 and 977).
[1] Prior to the hearing, plaintiff filed a reply to Hospital's opposition to the motion to compel which stated: "Defendant has indicated in discovery responses that at least one witness is now an ex-employee, but has refused to provide the last known address and phone number of its ex-employee."
[2] In light of this conclusion, there is no need to consider Hospital's claim that requiring Hospital to present its employees for interviews to be conducted in absence of Hospital's attorney violates rule 2-100 of the California Rules of Professional Conduct.
[3] Neither in the trial court nor in its writ petition did Hospital challenge the trial court's order directing it to disclose the home addresses and phone numbers of those who no longer work at Hospital. In its reply to real party's opposition, Hospital claims this order "was not only contrary to the law and facts, but was premature and advisory in nature since no former employees were even identified." A declaration from Hospital's attorney explained: "At the time of the [hearing on the motion to compel], we had been advised that one of the individuals named in the hospital's interrogatory answers was a former employee of Valley Presbyterian Hospital. After the hearing we learned that the individual was still employed at the hospital and had simply had a name change. I advised plaintiff's counsel, Ned Good, of this correction on January 11, 2000." At the hearing conducted on our order to show cause, counsel for Hospital reiterated this point and stated that given this discovery, Hospital was abandoning any claim that the court had erred in ordering disclosure of the names and addresses of former employees. Counsel for plaintiff did not contradict Hospital's assertion that all of the named individuals were still employed by Hospital. It is therefore unnecessary for us to consider the propriety of that portion of the superior court's order.
[4] In her supplemental opposition to the petition, plaintiff raises for the first time the claim that Hospital refused to disclose the home addresses and phone numbers of individuals who were independent contractors, not employees. Plaintiff does not identify those individuals. Plaintiff claims the trial court "failed to rule as to those witnesses [and] should have compelled disclosure of this information." Plaintiff further claims that she has subsequently filed a motion in the trial court on this point but the trial court has deferred ruling pending decision in this writ proceeding. Suffice it to note, no aspect of this claim is properly before us because plaintiff failed to file a writ petition challenging that aspect of the trial court proceedings.
[5] Plaintiff's motion to compel stated: "[P]laintiff's search of various phone books have [sic] not helped locate these witnesses. Their names are too common to know where they live from looking at the phone books and plaintiff cannot phone people to find out if they are the witnesses because defense counsel does not want plaintiff's attorneys to talk to their employees."
[6] Hospital presumably would use this feckless argument were plaintiff to seek to depose Hospital's human resources director for the sole purpose of obtaining the employees' home addresses and phone numbers.
[7] In its opposition to plaintiff's motion to compel and at the December 22, 1999, hearing, Hospital said it would produce the employees for deposition.
[8] Hospital contends West Pico is no longer viable precedent because it predates the passage of the amendment to the state Constitution setting forth the right to privacy. We disagree. The practical realities examined and approved in that case are just as true today as they were in 1961. While the right to privacy is now a factor to consider in evaluating the discovery request, that right, for the reasons already explained above, does not "trump" plaintiff's right in this case to obtain the requested information.