Filed 12/29/22  County of San Diego v. D.L. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SAN DIEGO, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> D.L., <br><br> Defendant and Appellant. | D079916 <br><br><br> (Super. Ct. No. DF215239) |

APPEAL from an order of the Superior Court of San Diego County, Pennie K. McLaughlin, Commissioner.  Affirmed.

D.L., in pro. per., for Defendant and Appellant.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Gregory D. Brown and Darin L. Wessell, Deputy Attorneys General, for Plaintiff and Respondent.

Claiming a reduction in income, D.L. (Father) filed a request for order (RFO) seeking to modify his child support obligations. At the hearing in November 2021, Father failed to produce earnings documentation as previously ordered by the trial court. Nevertheless, the court reduced his child support retroactive to September 1, 2021 based on his oral testimony that he was working only part-time at $14.50/hour and had zero percent custody of his teenage daughter. Effective January 1, 2022, however, the court imputed income based on full-time hours to set a slightly higher child support amount.

Father challenges the court's authority to compel him to produce proof of his earnings, claiming this order violated his rights to privacy and conflicted with discovery statutes. He contests its decision to impute earnings on a prospective basis, suggesting the guideline formula looks only to his actual income. Finally, he argues the court denied him the chance to raise evidentiary objections or make arguments by muting him at the hearing. In Father's view, "the only logical explanation" for the court's ruling on child support is the commissioner's bias against men. Rejecting his various contentions and finding no abuse of discretion on our limited record, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Father has a 15-year-old daughter, A.L. The County of San Diego (County) commenced this action in 2009 to establish his paternity and collect child support. (Fam. Code,[1] §§ 17400, 17404, subd. (a).) Father filed an RFO in February 2021 to modify child support. After resolving an associated

---

[1] Subsequent undesignated statutory references are to the Family Code.

2

discovery motion, the court set his RFO for trial on August 13.[2]  At the August 13 hearing, the court continued trial to November 18, reserving jurisdiction on child support back to September 1.  Noting that Father had failed to produce documentation of his earnings for any of his five income and expense declarations filed between March 2020 and July 2021, the court calculated guideline support at $646 effective September 1 based on his most recent income and expense declaration.

Six days later, on August 19, Father filed an RFO seeking to reduce his child support obligations.  Claiming he had lost his trucking job, made only $1,400 per month through part-time work, and could not work full time for health reasons, Father asserted that he could not afford the $646 per month in child support ordered to take effect on September 1.  Attached to his motion was a wage and insurance verification form indicating that he had resigned from his position at Marten Transport Services, Ltd. in July 2020.  An income and expense declaration filed on August 19 listed $1,400 in monthly income but provided no documentary support; a declaration filed

---

[2]     Finding the record inadequate to comprehend the procedural history or order on appeal, we requested the superior court file.  On our own motion, we augment the record with the following:  (1) an ex parte order dated April 5, 2021 postponing trial to August 13 following a hearing on Father's pending motion to quash; (2) a minute order dated April 29, 2021 denying Father's motion to quash and confirming an August 13 trial date; (3) a minute order dated August 13, 2021 continuing trial to November 18; (4) an income and expense declaration filed August 18, 2021 reporting $3200 in monthly income without attached documentation; (5) an income and expense declaration filed August 19, 2021 reporting $1400 in monthly income without attached documentation; (6) Father's handwritten declaration filed on August 19, 2021 indicating he had lost his job; (7) Father's handwritten declaration filed on August 27, 2021 asserting without documentary support that he earned $1,400 per month; and (8) an income and expense declaration filed October 29, 2021 duplicating the unsupported August 19 income and expense declaration.  (Cal. Rules of Court, rule 8.155(a)(1)(A).)

3

just a day prior listed $3,200 in monthly income without documentary support.

At the September 27 hearing on Father's RFO, Commissioner (now Judge) Pennie McLaughlin noted that Father's RFO duplicated his prior one, which was set for trial on November 18, at which the court could modify child support back to September 1. Accordingly, the court continued the hearing to November 18. It noted a discrepancy between two income and expense declarations filed in short succession and once more ordered Father to produce paystubs, proof of unemployment and any disability compensation, bonuses, and profit and loss statements from self-employment.

Absent a reporter's transcript, we presume the November 18 minute order accurately reflects what happened at trial. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608−609 (*Jameson*).) Father failed to produce documentation of his earnings. A handwritten declaration stated, "My average monthly income is approximately $1,400 a month which was filed 8/19/21. And can be [referred] to by record." And an income and expense declaration filed on October 29 duplicated a previous filing without documentation to support his claimed $1,400 in monthly earnings. Father objected to producing records on privacy grounds and claimed the court had unlawfully bypassed the discovery process.

Eventually, Father answered the court's questions about his wages, stating he worked 20-24 hours per week at $14.50 per hour. The court noted Father's "willful disregard" of its prior order to produce income documentation but reduced child support for the four-month period between September 1 and December 31, 2021 based on his testimony, which was corroborated by the County's report that less than $300 had been garnished from his wages. Using his claimed hourly wage and a zero percent

4

timeshare, the court revised guideline child support from September 1 to December 31, 2021 to $243 per month. Effective January 1, 2022, the court imputed income based on the same hourly wage and full-time hours to set child support at $526 per month, giving Father six weeks to secure full-time employment.

Father did not object to the order or request a hearing de novo within 10 days, as required under section 4251, subdivision (c). He appealed, electing to proceed on a clerk's transcript alone without a record of oral proceedings.

DISCUSSION

We review child support orders for abuse of discretion. (*In re Marriage of Hein* (2020) 52 Cal.App.5th 519, 529.) In conducting this review, we assess "(1) whether the trial court's factual findings are supported by substantial evidence, (2) whether the trial court followed applicable legal principles, and (3) whether the trial court reasonably exercised its discretionary authority—that is, whether any judge reasonably could have made such an order." (*Ibid.*) In this appeal, Father raises multiple claims of error, contending the November 18 child custody order violated his constitutional and statutory rights.[3]

First, Father challenges the court's authority to order him to produce documentation of his earnings, citing a litany of state and local court rules that govern meet and confer requirements, document exchange, filing and service. He claims that discovery had closed before the September 27

---

[3] In one of his argument headings, Father appears to challenge a child support order entered on October 29, 2020. However, subsequent subheadings refer to more recent court orders on September 27, 2021 and November 18, 2021. Any challenge to an October 2020 order would be untimely and is not before us. (See Cal. Rules of Court, rule 8.104(a)–(b).)

hearing. Father is mistaken. The income and expense declaration form adopted by the Judicial Council for mandatory use required him to "[a]ttach copies of [his] pay stubs for the last two months and proof of any other income" as well as a "profit and loss statement for the last two years" for any self-employment income. (See Form FL-150, p. 2.) A parent seeking a child support order must not only complete form FL-150, he or she must also "include the documents specified in the form that demonstrate the party's income." (Cal. Rules of Court, rule 5.92(b)(3); see also *id.*, rule 5.260(a)(3) [FL-150 form "must be sufficiently completed to allow the court to make an order"].) Trial courts possess authority to enforce these disclosure obligations by compelling production. (§ 3666; Code Civ. Proc., § 2031.320, subd. (a).) This includes power to sanction a party for submitting an incomplete income and expense declaration. (§ 3667.)

Father suggests he has constitutional and statutory rights against disclosing his personal financial information. But "[p]rivacy concerns are not absolute; they must be balanced against other important interests." (*Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 37; see *Valley Bank of Nev. v. Superior Court* (1975) 15 Cal.3d 652, 656–657.) The state has a longstanding interest in helping parties and the court ascertain the truth in legal proceedings. (*John B. v. Superior Court* (2006) 38 Cal.4th 1177, 1199.) The Legislature has likewise expressed a strong interest in ensuring that parents support their minor children according to their abilities and stations in life. (§ 4053, subds. (a), (d).) In marital dissolution proceedings, the state's interest in ensuring fair and adequate child support awards requires "full disclosure" of each party's income and expenses. (§ 2120, subd. (a).) Likewise, by moving to reduce child support on the basis of reduced earnings,

6

Father placed his earnings directly at issue. His privacy rights cannot trump his disclosure obligations in this context.

Moreover, even if there had been some error in compelling disclosure, Father could not demonstrate prejudice. (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108 [article VI, section 13 of the California Constitution requires *prejudicial* error to reverse].) Father never produced the earnings records compelled by the court. At the November 18 hearing, the court nonetheless credited Father's testimony to reduce his child support from the previously set $646 amount. Any error in compelling Father to produce proof of his earnings did not affect the outcome.

Second, Father faults the trial court for imputing income at full-time hours starting January 1 rather than applying the guideline formula using his actual income.[4] He suggests the County failed to meet its burden of proof to support the child support amounts entered. We reject both claims. The court credited Father's testimony in reducing monthly child support to $243 from September 1 to December 31, and imputed earnings with full time hours to set child support at $526 thereafter. Section 4058, subdivision (b) permits courts to impute earning capacity in lieu of actual income to a parent who is unemployed or underemployed, consistent with the child's best interests. (See *In re Marriage of LaBass & Munsee* (1997) 56 Cal.App.4th 1331, 1339 [imputing teacher salary to a parent with a master's degree and teaching credentials who purposefully opted to be employed only part time]; *In re Marriage of Barth* (2012) 210 Cal.App.4th 363, 375−376 [imputing income to a licensed accountant who either substantially understated his income or was

---

[4]     Guideline child support in California is calculated using a complex formula that considers each parent's income and custodial time with the child. (*S.P. v. F.G.* (2016) 4 Cal.App.5th 921, 930; see § 4055, subd. (a).) This calculated guideline sum is presumptively correct. (§ 4057, subd. (a).)

purposefully unemployed].) As the party seeking to reduce child support based on changed circumstances and loss of income, Father (not the County) bore the burden to show " 'a *lack* of ability and opportunity to earn income.' " (*In re Marriage of McHugh* (2014) 231 Cal.App.4th 1238, 1246–1247 (*McHugh*).)

It is true that a court may not impute income unless a parent has both the ability and opportunity to work. (*Hugh, supra,* 231 Cal.App.4th at p. 1246; *Or. v. Vargas* (1999) 70 Cal.App.4th 1123, 1126.) But Father's argument essentially boils down to a claim that there was *insufficient evidence* to permit a finding that Father had the opportunity to work full-time. (See, e.g., *In re Marriage of Cohn* (1998) 65 Cal.App.4th 923, 930 [insufficient evidence supported imputed income where court based an attorney's earning capacity on a salaried position the evidence showed he was unable to secure].) In his view, the only *evidence* presented was that he worked part-time and made $1,400 per month.

Simply put, we cannot consider this claim on appeal given Father's election to proceed without a reporter's transcript.[5] "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992; see *Jameson, supra,* 5 Cal.5th at pp. 608–609.) Because the court was statutorily permitted to impute income, and Father is precluded from

---

[5] In designating the record on appeal, Father checked a box indicating that he elected to proceeded on appeal "WITHOUT a record of oral proceedings (what was said at the hearing or trial) in the superior court." The form advised him that "without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in deciding whether an error was made in the superior court proceedings."

challenging the sufficiency of the evidence supporting its implied finding that he could work full-time, we reject his second claim of error.

At various points in his opening brief, Father suggests that Commissioner McLaughlin was biased against him on account of his male gender and violated his constitutional rights to due process of law and equal protection. These claims rest on the underlying premise that the commissioner overlooked relevant law and evidence. Having found no legal error in compelling Father to produce earnings records or in imputing wages, and lacking a reporter's transcript to review the court's factual determinations, we likewise reject Father's ancillary claims of gender bias and constitutional deprivations as totally unsupported.

We pause briefly to address Father's contention that the trial court violated his First Amendment rights and deprived him of a fair trial when it muted him during the virtual hearing. Father suggests that because he was muted, he could not make arguments or raise evidentiary objections. This contention fails on our record. According to the minute order, Father was not muted during his testimony or argument. The court stated that it "had to disable Father's microphone to enable the Court Reporter to take down the Court's findings," and it "let Father know that he was repeating his earlier arguments and points." A trial court has both inherent and statutory powers to ensure the orderly conduct of proceedings. (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967; Code Civ. Proc., § 128, subd. (a)(3).) Absent a reporter's transcript challenging the trial court's account, Father's claim that

9

he was prevented from objecting or testifying when the trial court placed him on mute necessarily fails.[6]

In short, on our limited record, Father has failed to establish that the court abused its discretion in entering the challenged child support order on November 18, 2021.

---

[6] Even with a fuller record, Father's First Amendment claim has dubious merit. Courtrooms are nonpublic forums. (See *Berner v. Delahanty* (1st Cir. 1997) 129 F.3d 20, 26; *Mezibov v. Allen* (6th Cir. 2005) 411 F.3d 712, 718; *Huminski v. Corsones* (2d Cir. 2004) 396 F.3d 53, 90−91.) "In a nonpublic forum . . . the government has much more flexibility to craft [reasonable] rules limiting speech." (*Minn. Voters All. v. Mansky* (2018) 138 S.Ct. 1876, 1885.) To ensure an adequate forum for hearing civil and criminal disputes, a judge "is charged with the responsibility of maintaining proper order and decorum" and "must ensure 'that [the] courthouse is a place in which rational reflection and disinterested judgment will not be disrupted.' " (*Berner,* at p. 26.) Carrying out these duties will not, in their ordinary course, violate a litigant's First Amendment rights.

The same holds true of Father's claimed due process violation. Remote proceedings were introduced nationwide in the wake of the COVID-19 pandemic. Parties across the country have since raised appellate challenges to technology errors during proceedings. Only major errors preventing a court from hearing or understanding a party's testimony have risen to the level of a due process violation. (Compare *I.L. v. Ind. Dep't of Child Servs.* (Ind.Ct.App. 2021) 177 N.E.3d 864, 872–873 with *K.D.H. v. Commonwealth* (Ky.Ct.App. 2021) 630 S.W.3d 729, 741.)

## DISPOSITION

The November 18, 2021 order is affirmed.  Respondent is entitled to costs on appeal.

DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


BUCHANAN, J.